Pinckney V. LOVE, Jr.,
Plaintiff-Appellant,

v.

M. W. SESSIONS, Former Superintendent of the Burke County Board of Education, et al., etc., Defendants-Appellees.

No. 76–1022.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1978.

Theodore G. Frankel, David L. Ross, Atlanta, Ga., Stephen J. Pollak, Richard M. Sharp, Mary L. Fitch, David Rubin, Washington, D. C., for plaintiff-appellant.

William M. Fulcher, Augusta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and TJOFLAT, Circuit Judges.

PER CURIAM:

Pinckney V. Love, plaintiff, had been a nontenured principal of the Waynesboro Elementary School for one year when the Burke County Board of Education decided not to renew his contract for the 1971–72 school term. In a 1973 suit before the District Court for the Southern District of Georgia, Love claimed that this dismissal violated his First Amendment rights and deprived him of his Fourteenth Amendment due process right to a pretermination hearing. The Board of Education, in response to Love's request for a statement of reasons for his nonrenewal, cited a series of events that occurred primarily in the first two weeks of the 1970–71 term, Love's first year as principal and the first year in which the school district operated under a federal court desegregation order. Three instances of delay and confusion in implementing administrative requirements and two charges

of insubordination were stated as the basis of the Board's decision.[1] In his 1973 complaint, Love contended that these five charges were not the real reason behind the Board's action, claiming that his contract had not been renewed in retaliation for his support of desegregation.[2] A jury trial resulted in a verdict for the plaintiff Love and an award of $10,000 in punitive damages.[3] In answers to special interrogatories, the jury found that Love was stigmatized by the reasons the defendants proffered for the nonrenewal and that the nonrenewal was caused by Love's "expressions of unpopular views." The District Court Judge granted the defendants' motion for a new trial, and the second jury returned a verdict for the school board.[4]

Love appeals from the grant of a new trial and from the judgment entered on the second jury verdict. We hold that the judgment of the second trial must be vacated due to a misapplication of law in the District Court's instructions to the jury. However, we do not believe that judgment can properly be reinstated on the verdict rendered in the first trial, and therefore remand this cause for yet a third proceeding.

 In a Memorandum Opinion, the District Court Judge gave four grounds for granting a new trial.[5] As one ground, the

1. The charges were relayed to Mr. Love in a letter from Mr. McNorrill, chairman of the Burke County Board of Education, dated June 4, 1971, after the decision not to review Love's contract had been made, but prior to a hearing. The reasons for the nonrenewal were stated as follows:

 You have demonstrated an attitude of insubordination on many occasions with disruptive effects upon the Waynesboro Elementary School, and you have failed on several occasions to abide by the rules and carry out the instructions from constituted authority.

 (a) One such occasion was the opening day of school on August 27, 1970 when you dismissed the children after registration and held no school which was contrary to regulations.

 (b) Also, you have disregarded instructions given in August, 1970, concerning pupil placement ratio.

 (c) During an interview with the Chairman of the Board and the School Superintendent at the office of the latter on or about August 28, 1970 relative to school matters, you showed lack of respect for authority, both in manner and conversation.

 (d) You delayed changing the first grade schedule to meet State requirements for an undue length of time.

 (e) You interferred with the operation of the school bus schedule in several ways, including statements that you were in charge rather than the Superintendent.

2. Plaintiff Love alleged that two incidents marked by racial overtones constituted the real basis for the Board's decision. First, Love removed a portrait of Robert E. Lee and a portrait of Jefferson Davis from the school auditorium. Several members of the community protested this action to the school board. Second, Love reported a local doctor to the Department of Health, Education and Welfare, alleging that the doctor maintained racially segregated waiting room facilities for patients. This incident also generated criticism of Mr. Love, including a newspaper editorial that the plaintiff introduced at trial.

3. Judgment was entered on this verdict in May 1974. The District Court Judge reserved the issues of Love's right to reinstatement, back pay, and attorneys' fees for later determination. The issues were decided adversely to Love after the District Court granted defendants' motion for a new trial.

4. In answers to special interrogatories, the jury at the second trial found that plaintiff Love had not been terminated because of the exercise of First Amendment rights, that the defendants' reasons for not renewing the plaintiff's contract did not constitute a stigma, that plaintiff sustained no damage, and that the defendants had not acted in bad faith.

5. The grounds for the new trial grant were that: (i) the jury's finding that Love was terminated in retaliation for the exercise of his First Amendment rights was contrary to the clear weight of the evidence, since there was not "a scintilla of evidence" that either or both of the incidents cited by Love "played any part in the Board's decision not to offer plaintiff a contract"; (ii) even if Love did have a right to a hearing to clear his name from the stigma allegedly imposed by the Board's charges, Love had failed to avail himself of the hearing offered by the Board pursuant to his demand; (iii) the District Court failed to instruct the jury, although not requested to do so by the defendants, that under the doctrine of qualified official immunity, the school board's good faith would be a defense to the damages claim; and (iv) the District Court failed to instruct the jury that "proof of the charges founding the nonrenewal would constitute a complete defense to the action."

judge cited his failure to instruct the jury, pursuant to the defendants' request, that "proof of the truth of the charges founding the nonrenewal would constitute a complete defense to the action." Accordingly, at the conclusion of the second trial, the judge charged the jury that Love would not be entitled to a verdict unless he proved that the Board's reasons for the nonrenewal were false.[6] This instruction in effect declared that if the jury found the Board's charges to be true, Love could not recover. We hold that this charge was an error of law fatal to the second trial. It is the law of this Circuit that even if the reasons given for a decision not to rehire a nontenured faculty member are factually supported, the plaintiff's constitutional claim is not precluded. The critical issue in this suit is not whether the Board's charges against Love are true, but whether the charges are truly the basis for the Board's decision not to renew Love's contract. If the real reason for Love's nonrenewal is his exercise of First Amendment rights, then the Board's decision is impermissible and the truth of its asserted basis does not serve as a complete defense to the constitutional wrong. *Fluker v. Alabama State Board of Education,* 5 Cir., 1971, 441 F.2d 201, 209.

■ This is not to say that the truth or falsity of the Board's reasons is irrelevant to the First Amendment claim. If the charges are false, then the likelihood of their serving as a pretense for another, unconstitutional basis for nonrenewal is in-

---

**6.** The District Court's instructions to the jury included the following passages:

> If you find from a preponderance of the evidence that the reasons given for the failure to renew Mr. Love's contract and alleged to be the basis of the non-renewal of his contract were *untrue* and you were to find further that they were to call into question his good name, reputation, or honor, or impose a stigma upon him which seriously hinders his opportunity to obtain other employment in his profession, why then he would be entitled to a verdict.
>
> \*　\*　\*　\*　\*　\*
>
> Now, the Plaintiff in this case contends that the reasons given him by the Board of Education for the non-renewal of his contract seriously damaged his standing in the community or imposed a stigma that foreclosed his freedom to take advantage of other job opportunities. Now, in this respect, I charge you that before any of the reasons given to the Plaintiff for his non-renewal would adversely affect any constitutional right of the Plaintiff's, the *reasons given must be shown to be wrongful and untrue,* and it must be further shown that such reasons were made public and disclosed by the Board Members so as to publicly reflect upon the honesty or integrity of Mr. Love.
>
> [Emphasis added.]

These instructions do not clearly distinguish between Love's First Amendment claim and his due process claim. Because we find that the instructions misapprehended the law governing the First Amendment claim, we need not base our decision on the validity of the instruction as applied to Love's asserted right to a pretermination hearing before an impartial tribunal. However, because we are remanding for a third trial, we would point out that the truth or falsity of charges made in connection with the discharge of a nontenured public employee is not the sole determinant of the employee's right to a due process hearing. Love's right to relief for denial of a pretermination hearing depends on whether the Board's reasons for his nonrenewal reflected on or impaired Love's " 'good name, reputation, honor, or integrity,' " *Board of Regents v. Roth,* 1972, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548; whether the reasons were made public, *Bishop v. Wood,* 1976, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684; and whether *Love alleged* that these reasons were "substantially false" or inaccurate, *Codd v. Velger,* 1977, 429 U.S. 624, 627, 97 S.Ct. 882, 51 L.Ed.2d 92; *Sims v. Fox,* 5 Cir., 1974, 505 F.2d 857, 863–84 (en banc), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678. Throughout both proceedings below, Love denied that his conduct had been insubordinate and contested the truth of the Board's description of the incidents that were allegedly the basis for his nonrenewal. The case thus involves a "factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation," *Codd v. Velger,* 429 U.S. at 627, 97 S.Ct. at 884. If the other elements necessary to establish a claim of stigmatization under *Bishop* and *Roth* are present, the Board cannot use the jury's determination, made four years after the fact, that the charges concerning Love were true as a complete defense to the claimed denial of due process rights. The combination of a stigma with a factual dispute over the veracity of the charges triggers a right to a hearing that "provide[s] the person an opportunity to clear his name." *Board of Regents v. Roth,* 408 U.S. at 573, n. 12, 92 S.Ct. at 2707.

creased. On the other hand, if the Board's charges of insubordination and violation of rules are *both* true *and* a sufficient basis for the nonrenewal of Love's contract, such that the same decision would have been made in the absence of constitutionally protected expression, the Board would have established a complete defense.[7] *Mt. Healthy City Board of Education v. Doyle,* 1977, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471. However, *Mt. Healthy* had not been handed down at the time of the trial, and the charge given by the District Court Judge did not conform to its mandate.

■ Although we hold that the judgment entered on the second verdict cannot stand, we do not hold that the District Court Judge erred in granting the motion for a new trial such that judgment could properly be reinstated on the verdict of the first trial. The general rule is that a District Court's grant of a new trial is within the discretion of the Court and is ordinarily nonreviewable save for an abuse of that discretion. *Spurlin v. General Motors Corporation,* 5 Cir., 1976, 528 F.2d 612; *Massey v. Gulf Oil Corporation,* 5 Cir., 1975, 508 F.2d 92, *cert. denied,* 423 U.S. 838, 96 S.Ct. 67, 46 L.Ed.2d 57; *Weyerhaeuser Co. v. Bucon Construction Co.,* 5 Cir., 1970, 430 F.2d 420; *Marsh v. Illinois Central R. Co.,* 5 Cir., 1949, 175 F.2d 498. While recent cases in this Circuit apply a somewhat broader review to an order granting the motion for a new trial than to an order denying such a motion, and exercise the greatest degree of scrutiny when a new trial is granted on the ground that the verdict is against the weight of the evidence, see *Massey v. Gulf Oil Corporation, supra,* 508 F.2d at 94–95 and *Spurlin v. General Motors Corporation, supra,* 528 F.2d at 620, the District Court Judge's discretionary power is still given the deference required by his presence at the trial and his duty to see that there is no miscarriage of justice. The recent articula-

tions of a somewhat closer review are directed to assuring that the District Court Judge does not merely substitute his judgment for that of the jury and thereby deprive the litigants of their right to a jury trial. We are unable to see such an infringement on the jury's function in this case, and therefore do not believe that the judge abused his discretion in granting the motion for a new trial.

Despite the lack of reversible error in the new trial grant, the significant error in the jury instructions during the second trial makes a third proceeding necessary. This third trial must, of course, be conducted in accordance with *Mt. Healthy City Board of Education v. Doyle,* 1977, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471, decided during the pendency of this appeal. *Mt. Healthy* sets forth the procedure District Courts are to follow in cases where both permissible and impermissible grounds for a decision not to rehire a teacher are alleged:

> Initially . . . the burden was properly placed upon respondent [employee] to show that his conduct was constitutionally protected, and that this conduct was a "substantial factor"—or, to put it in other words, that it was a "motivating factor" in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.

429 U.S. at 287, 97 S.Ct. at 576, (footnote omitted).

VACATED and REMANDED.

---

7. There is testimony in the transcript of the first trial that would tend to support the Board's ability to make such a showing. A Dr. DeVaughn, plaintiff's expert, testified on cross-examination that "[i]f any of these charges, failure to follow the rules and regulations of the Board or insubordination, are proved true, then I think the Board has a right to dismiss for cause."