Mary B. JOHNSON, Plaintiff,

v.

Richard H. SNYDER et al., Defendants.

Civ. No. C 77–184.

United States District Court,
N. D. Ohio, W. D.

April 12, 1979.

Joseph R. Tafelski, James M. Klein, Toledo, Ohio, Avery S. Friedman, Cleveland, Ohio, for plaintiff.

Robert J. Potter, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon plaintiff's motion for an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, and § 812(c) of the Fair Housing Act, 42 U.S.C. § 3612(c). In a civil action in this Court for declaratory and injunctive relief and damages to redress violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and the 1866 Civil Rights Acts, 42 U.S.C. § 1981 and § 1982, plaintiff was awarded a jury verdict in the amount of one dollar ($1.00). Defendants have opposed the request for fees submitted by plaintiff, and the plaintiff has filed a response to certain matters raised in defendants' opposition. Defendants contend that

since the Court has rendered judgment on the verdict of the jury and overruled a motion for new trial, it is without jurisdiction to entertain plaintiff's motion. The verdict and judgment, however, did not dispose of the entire action, for the relief prayed for in the complaint indicated an award of reasonable attorneys fees. This issue was not included in the jury's verdict, but remains for the Court to dispose of.

■ The Court is well aware of the important role that the award of attorney's fees plays in the enforcement of our civil rights laws. The Civil Rights Attorney's Fees Awards Act of 1976 provides that in any action or proceeding to enforce a provision of §§ 1981 and 1982, a court, in its discretion, may allow the prevailing party a reasonable attorney's fee. 42 U.S.C. § 1988. In applying the Civil Rights Attorney's Fees Awards Act, this Court will exercise its discretion in light of all the circumstances of the case.

■ The evidence in the case showed, and the jury found, that plaintiff was discriminated against on the basis of her race in violation of the 1866 Civil Rights Act and the Fair Housing Act. The circumstances of the instant case clearly reveal that plaintiff is entitled to a fee award. However, always more difficult for the Court is the determination of what a reasonable fee would be. A look to the legislative history of the Fees Act reveals a favorable comment on the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which listed twelve factors to be considered by district courts in arriving at reasonable fees awards. The factors are as follows:

(1) the time and labor required;

(2) the novelty and difficulty;

(3) the skill required to perform the legal services;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee in the community;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by client or circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation and ability of the attorney;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Id.* at 717–19. Not dissimilar to the *Johnson* criteria is Canon 2, DR 2–106 of the American Bar Association Code of Professional Responsibility which provides eight factors for determining the reasonableness of fees. Canon 2, DR 2–106 provides that the following should be considered as a guide in determining a reasonable fee:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, that the acceptance of the employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation and ability of the lawyers; and

(8) whether the fee is fixed or contingent.

In this case, plaintiff's three attorneys have asked the Court to award them $9,360 in fees, plus additional costs of $118.06. Affidavits have been attached to support this request, listing the number of hours spent on each aspect of the case at a proposed hourly rate, as well as a list of qualifications and experience of each attorney. The starting point for determining a reasonable fee is the simple mathematical exercise of multiplying attorneys' hours by a rate for the type of work. The Court feels that while plaintiff's counsel may well de-

serve the amount requested, a proper concern for avoiding excessive fees and the balancing of factors peculiar to this case dictate that a more conservative fee be granted. This cautious attitude is not intended to reflect adversely upon plaintiff's counsel in any way.

█ It is clear that the time and labor required by counsel was considerable. Although an action of this kind is not particularly novel, it appears that this case was the first such housing case to be tried to a jury in the Western Division of the Northern District of Ohio. All three of plaintiff's counsel were experienced and able, and well represented their client. Counsel were successful in obtaining a verdict in favor of their client and clearly devoted time to this matter, which precluded them from focusing their attention elsewhere. Although the amount of the judgment awarded was minimal, in this case the Court does not feel that that fact alone would make an award of attorneys fees any less appropriate. However much the Court may disagree with the jury, it may not substitute its judgment for theirs. In the matter of attorneys fees, the decision is for the Court, and it need not be limited in exercising its discretion by the size of the jury verdict.

█ In view of the circumstances of the case, the fact that plaintiff was represented by one attorney who is a law school faculty member and one attorney who is employed by the Fair Housing Center does not require a diminution of the fee award.

█ In looking for the hours expended, the Court notes that in compiling their requests for fees, Mr. Tafelski deducted hours spent prior to actual trial preparation time, hours expended conjointly with Mr. Klein. The Court further notes that counsel deducted the hours expended in preparing a motion to compel and a reply memorandum pursuant to Court order in June of 1978 when compiling their fee request. In so doing the latter, they went beyond what was required of them. The fact that the Court refused to impose an award of attorneys fees as part of the relief in the contro-

versy surrounding discovery does not mean that counsel's services there were unnecessary and does not preclude the Court from including the time spent on discovery matters in this award at the close of the case. This Court rarely imposes awards of attorneys fees during the course of litigation, preferring instead to award them at the close. Further, the defendant is not entitled to have the fee award reduced by the amount required to produce the materials necessary to protect the plaintiff's discovery rights. Discovery under the modern rules is open and full, and the defendant should have known as much when it decided to question a valid discovery request. The Court finds that the requested hours, including the time spent on discovery matters submitted by the plaintiff, are indeed reasonable. Also, the fees sought for time expended for the preparation of the instant motion are clearly in line. *See, Weisenberger, et al. v. Huecker, et al.,* 593 F.2d 49 (6th Cir. 1979).

█ Plaintiff seeks to be reimbursed $50 per hour for Messrs. Klein and Tafelski for out-of-court work and $60 per hour for their in-court services. A charge of $75 per hour is sought for the time which Mr. Friedman expended on the matter. Plaintiff has also submitted an affidavit from a member of the Executive Committee of the Toledo Bar Association which states that based upon his knowledge and experience, the rates of $50 per hour for out-of-court work and $60 per hour for in-court work are reasonable rates for attorneys who practice in the Toledo area. Defendants, on the other hand, claim that a rate of $40 or $50 per hour would be more appropriate but fail to offer any evidence in support of their position. In the interest of safeguarding the integrity and reputation of the legal profession and judiciary by avoiding excessive fees and taking into consideration the suggested rates of each party, this Court will apply an hourly rate of $50 for the work of each of plaintiff's counsel for all work, both in and out of court. Therefore, the Court finds that $2,775 for Mr. Klein's 55½ hours, $4,375 for Mr. Tafelski's 82½ hours, plus 5 hours in connection with the

976

discovery motion, and $1,450 for Mr. Friedman's 29 hours of service, totaling $8,600 for 172 hours are reasonable and should be granted.

THEREFORE, for the reasons stated, good cause appearing, it is

ORDERED that plaintiff's motion for an award of attorneys fees be, and it hereby is, SUSTAINED, and the clerk shall enter judgment in the amount of $8,600.00 for reasonable attorneys fees and $118.06 for costs ·incurred.

IT IS SO ORDERED.