615 F.2d 657
 PRESIDENTIAL PROPERTIES, INC., a corporation,
Plaintiff-Appellee Cross-Appellant,
v.
Joseph V. CANTO and James D. Salter, Individually and d/b/a
Casa Development Ltd., et al.,
Defendants-Appellants Cross-Appellees.
PRESIDENTIAL PROPERTIES, INC., a corporation, Plaintiff-Appellee,
v.
Joseph V. CANTO and James D. Salter, Individually and d/b/a
Casa Development Ltd., et al., Defendants-Appellants.
 Nos. 78-1991, 78-3095.
 United States Court of Appeals,
Fifth Circuit.
 April 17, 1980.
 
 Carlton, Fields, Ward, Emanuel, Smith & Cutler, James D. Wing, Tampa, Fla., for defendants-appellants cross-appellees.
 MacFarlane, Ferguson, Allison & Kelly, Ted R. Manry, III, Charlie Luckie, Jr., Tampa, Fla., for plaintiff-appellee cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 Before BROWN, GEWIN and POLITZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 We agree with the District Court Judge's summary ruling in this diversity action by a landlord to recover damages from tenants who breached their agreement to pay rent. Whatever may be the law in Florida concerning a landlord's inability to recover rent after he has regained possession of the leased premises, we believe the District Judge was correct in construing a subsequent letter agreement between the parties in this case to allow the landlord Presidential to continue to collect rent from the tenants, Canto and Salter. Nor do we believe there is any substantial factual issue raised as to Presidential's waiver of this right. We accept the District Court's implied finding that waiver did not occur. We also affirm the award of attorney's fees below, as they were mandated by Article 13 of the lease agreement between the parties.
 
 
 2
 The only issue left to consider is whether the District Court erred in denying Presidential's motion for a judgment notwithstanding the verdict. Presidential contends that the jury erroneously deducted twice from the damages awarded a $133,000.00 credit for the remaining amount of escrow money due the tenants. Our understanding of the facts is that perhaps this did occur. But the District Court concluded, presumably for Seventh Amendment reasons, that it could not tamper with the verdict, and we find no error in this. See 6A J. Moore, Federal Practice P 59.05(4) (2d ed. 1979). Moreover, the District Court made Presidential the express offer of an alternative remedy in the form of a new trial, but Presidential declined to take advantage of this relief.
 
 
 3
 For the foregoing reasons, the judgment of the District Court is affirmed.
 
 
 4
 AFFIRMED.