Mary B. JOHNSON, Plaintiff-Appellee,

v.

Richard H. SNYDER and Marion J. Snyder, Defendants-Appellants.

No. 79–3459.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 17, 1980.

Decided Jan. 23, 1981.

Robert J. Potter, Bowman & Potter, Toledo, Ohio, for defendants-appellants.

Joseph R. Tafelski, James M. Klein, Toledo, Ohio, Avery Friedman, Cleveland, Ohio, for plaintiff-appellee.

Before ENGEL, MERRITT and BROWN, Circuit Judges.

PER CURIAM.

Plaintiff, Mary B. Johnson, sued Richard H. and Marion J. Snyder for damages and injunctive relief under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and under 42 U.S.C. § 1981 and § 1982, alleging that the defendants, owners of an apartment building, had refused to show her an apartment for rent because she is black. After a temporary restraining order was issued, Johnson withdrew her application for a temporary injunction when the defendants agreed to show her the apartment. The case ultimately went to trial, and the jury awarded damages in the amount of $1.00.

Thereafter plaintiff, whose complaint prayed for attorney's fees, filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988. At the time this motion for attorney's fees was filed, the judgment on the jury verdict had become final. Plaintiff had not, pursuant to Rule 59(e), Fed.R.Civ. Proc., moved to alter or amend the judgment within ten days after her motion for a new trial had been denied and had not, pursuant to Rule 4, Fed.R.App.Proc., within thirty days thereafter, filed a notice of appeal.

Defendants contended that the district court had no authority to entertain the motion for attorney's fees. The district court disagreed, and after a hearing, awarded such fees in the amount of $8,600.00 and costs of $118.06. 470 F.Supp. 972 (N.D. Ohio, W.D.1979). Defendants have appealed, contending, again, that the motion for attorney's fees came too late and that, in any event, the amount awarded constituted an abuse of discretion.

We conclude that, as to the amount of the fees, such did not amount to an abuse of discretion; the award was based upon compensation at the rate of $50.00 per hour for the time consumed by the attorneys.

Defendants contend that the motion for attorney's fees came too late because plaintiff did not timely file motion to alter or amend judgment or a notice of appeal.

On this issue, we agree with the holdings of the Fifth Circuit in *Knighton v. Watkins,* 616 F.2d 795 (1980), and *Van Ooteghem v. Gray,* 628 F.2d 488 (1980), that attorney's fees awarded under § 1988 are awarded as costs and are not controlled by the time limitations that defendants here assert. We recognize that the First Circuit in *White v. New Hampshire Department of Employment Security,* 629 F.2d 697 (1980), refused to follow *Knighton, supra,* but we conclude that *Knighton* is the better reasoned opinion.

The judgment of the district court is therefore affirmed.