Sybol Marie NICHOLSON

v.

Edna BATES.

No. TY–79–258–CA.

United States District Court,
E. D. Texas,
Tyler Division.

March 11, 1982.

Curtis B. Stuckey, Nacogdoches, Tex., for plaintiff.

H. Kelly Ireland, Tyler, Tex., for defendant.

## ORDER

JUSTICE, Chief Judge.

The above-styled civil action is a suit brought under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1982, alleging discrimination in housing on the part of defendant, a private landowner who leases apartments. The action was tried to a jury on September 16 and 17, 1981. On September 17, the jury returned its verdict in favor of plaintiff and against defendant, under both the Fair Housing Act and the Civil Rights Act. Though the jury resolved the issue of liability in favor of plaintiff, it awarded no damages to plaintiff. The court awarded one dollar in nominal damages, in accordance with the Supreme Court's holding in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

Plaintiff has filed a motion for new trial, pursuant to Rule 59(a). In the alternative, she moves to amend the judgment by additur. In her motion, plaintiff alleges that the failure of the jury to award substantial damages after finding liability was "against the weight and preponderance of the evidence." She claims that uncontroverted evidence adduced at trial established that plaintiff incurred substantial damages as a result of the discriminatory actions of defendant. In view of the racial nature of the claim, plaintiff suggests that the lack of a damage award "evidences passion against the plaintiff on the part of the jury."

## I.

■ At the outset, it should be noted that there are serious questions about the constitutionality of the use of additur in jury trials. The Supreme Court's holding in *Dimick v. Schiedt*, 293 U.S. 474, 486–88, 55 S.Ct. 296, 301–02, 79 L.Ed. 603 (1935), strongly implies that *any* attempt by the court to augment a damage award of a jury contravenes the Seventh Amendment. The Court of Appeals for the Fifth Circuit has held that "it is well settled ... that the Seventh Amendment prohibits the utilization of additur where the amount of damages is in dispute." *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976), citing *Dimick v. Schiedt, supra.* See also *Presidential Properties, Inc. v. Canto*, 615 F.2d 657, 658 (5th Cir. 1980). The damage judgment of the jury will not be amended by means of additur.

## II.

■ A motion for new trial on the issue of damages, once liability is established, is entirely proper. *See, e.g., New Orleans & Northeastern Railroad Co. v. Hewett Oil Co.*, 341 F.2d 406 (5th Cir. 1965); *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284–85 (5th Cir. 1982). In determining whether a new trial should be granted, the court must be careful to avoid substituting its judgment for the considered verdict of the jury. Such an arrogation would violate the parties' right to trial by jury. *Love v. Sessions*, 568 F.2d 357, 361 (5th Cir. 1978). The Fifth Circuit has "noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363, quoting *Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir. 1976). In *Spurlin*, the court identified, as factors militating against new trial, the simplicity of the issues, the degree to which the evidence was in dispute, and the absence of any pernicious or undesirable occurrence at trial. *Spurlin, supra*, 528 F.2d at 620.

■ The instant action falls within an area which has intrinsic potential for meeting the *Spurlin* criterion for "pernicious or undesirable occurrence at trial." The case involves a claim that defendant denied plaintiff housing on the basis of her race. The presence of accusations of racial discrimination renders the trial of an action particularly susceptible to volatility and passion which might undermine the assumption of reasoned deliberation. Even if a jury resolving an action involving claims of racial discrimination applies the law to the facts in a proper fashion and reaches an acceptable verdict on the issue of liability, the assessment of damages may, nonetheless, be influenced by impermissible factors. Accordingly, the Court of Appeals for the Fifth Circuit has held that a damage award which appears to be the result of "passion or prejudice" may be set aside and a new trial ordered. *Lowe v. General Motors Corp.*, 624 F.2d 1373, 1383 (5th Cir. 1980); *Evers v. Equifax, Inc.*, 650 F.2d 793 (5th Cir. 1981). Thus, the presence of racial implications in this action requires that the factors commended by the Fifth Circuit in *Spurlin* be applied with great care, in the course of resolving a motion for new trial on the issue of damages.

The amount of damages claimed by plaintiff at trial did not involve any complicated factual questions. The claim was based essentially on plaintiff's contention that she had suffered embarrassment and humiliation, as a result of the deprivation visited

upon her by the actions of defendant. Of course, claims for such intangible injuries are manifestly indeterminate and involve inherent uncertainty. Apart from contesting liability, defendant challenged plaintiff's assertions that she had suffered damage, in any manner, as a result of defendant's refusal to lease an apartment to her. Contrary to plaintiff's assertion in her motion for new trial, the evidence concerning damages was controverted at trial. The judgment of the jury may ultimately have been based on credibility judgments, which the jury is at liberty to make and which should not be supplanted. Finally, there is nothing in the record to indicate that the jury's failure to award damages to plaintiff was motivated by passion, bias, or prejudice against plaintiff. Indeed, in many respects, the triumph of plaintiff on the merits stands as a testament to the open-mindness of the jury.

Plaintiff has not demonstrated that she is entitled to a new trial on the issue of damages.

### III.

Plaintiff has filed a motion for an award of attorney's fees, on the basis of the finding of liability returned by the jury. As noted, plaintiff prevailed on her claims both under the Fair Housing Act and the Civil Rights Act of 1866. An attorney's fee award may be predicated on either statute. *See* 42 U.S.C. § 1988 and 42 U.S.C. § 3612(c). Section 1988 provides for more liberal recovery of attorney's fees. The Fair Housing Act allows the recovery of attorney's fees only by prevailing parties unable to assume the cost of retaining counsel. 42 U.S.C. § 3612(c). In contrast, the attorney's fees provision applicable to actions brought under § 1982 has no such limitation. 42 U.S.C. § 1988. *Bunn v. Central Realty*, 592 F.2d 891 (5th Cir. 1979). The Fifth Circuit has held that in actions in which plaintiffs have prevailed under both the Fair Housing Act and the Civil Rights Act, the plaintiff should be allowed to benefit from "the more liberal recovery provisions applicable to § 1982 actions." *Dillon v. AFBIC Corp.*, 597 F.2d 556 (5th Cir. 1979).

■ Under § 1988, attorney's fees should ordinarily be awarded, unless some special circumstance present in the action would render such an award unjust. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). The finding of liability by the jury, and a subsequent refusal to award substantial damages, does not constitute such a special circumstance. In fact, the Supreme Court has explicitly stated that "the potential liability of § 1983 defendants for attorney's fees . . . provides additional—and by no means inconsequential assurance that [defendants] will not deliberately ignore" the rights protected by that statute. *Carey v. Piphus*, 435 U.S. 247, 257 n. 11, 98 S.Ct. 1042, 1049 n.11, 55 L.Ed.2d 252. This rationale applies with equal force to actions brought under § 1982. An award of nominal damages based on a finding of liability may trigger an award of reasonable attorney's fees. *Peeler v. Longview I.S.D.*, 485 F.Supp. 117 (E.D.Tex.1979); *accord, Johnson v. Snyder*, 470 F.Supp. 972 (N.D.Ohio 1979), *aff'd* 639 F.2d 316 (6th Cir. 1981); *Fox v. Parker*, 626 F.2d 351 (4th Cir. 1980).

■ Plaintiff is plainly entitled to an award of attorney's fees. The Fifth Circuit has set forth elaborate standards under which the "reasonableness" of an attorney's fee award is to be measured. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are:

1. Time and labor required.
2. Novelty and difficulty of the questions.
3. The skill requisite to perform the legal services properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.

9. The experience, reputation and abilities of the attorneys.

10. The undesirability of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases.

None of the *Johnson* factors is individually controlling. It seems plain that the balance struck in weighing a claim for attorney's fees will vary from case to case, on the basis of the relative importance of the various factors. 488 F.2d at 717. The factors will be considered, *seriatim.*

1. Time and labor required.

Plaintiff's claims were developed and litigated by two attorneys. They each have submitted affidavits attesting to the time spent in preparation and presentation of this action. The time summaries submitted seem wholly reasonable, and have not been disputed by defendant. All of the time spent by plaintiff's two attorneys seems wholly necessary to the proper preparation of the action.

2. Novelty and difficulty of the questions.

The guarantees of the Fair Housing Act and the Civil Rights Act of 1866 are straightforward. Plaintiff's claims under these statutes were relatively simple, and they arose out of an uncomplicated fact situation. Actions of this nature have not frequently been litigated in this district, nor, apparently, in other districts. Indeed, as the district court for the Northern District of Ohio noted, the *Johnson v. Snyder* litigation was the Fair Housing Act case tried to a jury in that district. 470 F.Supp. at 975. In the course of trial, one apparently novel evidentiary question arose concerning the admissibility of an investigative report prepared by a putative expert in housing discrimination. Plaintiff's attorneys addressed this issue with notable skill.

3. The skill requisite to perform the legal services properly.

Though plaintiff's claims were not particularly intricate, they were presented with commendable clarity and force by her attorneys. The written submissions and the trial tactics and strategy of both attorneys evidenced an exemplary degree of dedication and creativity.

4. The preclusion of other employment by the attorneys due to acceptance of the case.

The category is not specifically applicable to plaintiffs' attorneys, who are employed in a legal services office. However, it was plain that both attorneys were dedicated to the proper litigation of plaintiff's case and, to that extent, were precluded from working on other cases being litigated by the legal services office.

5. The customary fee.

Plaintiff has submitted the affidavit of an experienced civil rights attorney to the effect that members of the bar in this area routinely charge One Hundred Dollars ($100) per hour, and sometimes more, in defense of civil rights cases. This affidavit is in accordance with the general information available to the court. *See also* item number twelve, below, "Awards in similar cases."

6. Whether the fee is fixed or contingent.

This category is not applicable. Because of her low-income status, plaintiff was never in the position of having to pay a fee for the legal services rendered by her attorneys. This fact in no way undermines the propriety of an award of attorney's fees. *Lackey v. Bowling*, 476 F.Supp. 1111 (N.D. Ill.1979); *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34 (2nd Cir. 1978).

7. Time limitations imposed by the client or circumstances.

This factor is not applicable to the instant action.

8. The amount involved and the results obtained.

Both the Voting Rights Act and the Civil Rights Act of 1866 codify basic entitlements

which stand at the center of the panoply of rights afforded residents of the United States by virtue of the fundamental commitment to equality. Litigation to remedy deprivations of these rights is deeply important, and may not be measured merely by the award of damages pursuant to a victory on the merits. The right to obtain housing in a manner which is free from racial discrimination is a basic right that is ultimately non-pecuniary. *See also Carey v. Piphus, supra.*

9. The experience, reputation and abilities of the attorneys.

One of plaintiff's attorneys is highly experienced in the field of civil rights generally. In his affidavit, he submitted an impressive list of cases in which he has served as lead counsel, and has won important victories in vindication of civil rights, in the areas of housing and employment discrimination. His experience was manifest at trial. The other attorney for plaintiff, though less experienced, demonstrated commendable ability and dedication. On the basis of his relative inexperience, he will be awarded attorney's fees at a rate substantially less than his experienced co-counsel.

10. The undesirability of the case.

Despite the long battle for equality that has marked the past century, a law-suit by a black woman against a white woman alleging racial discrimination remains shrouded in broad cultural disapproval. Though legal services typically bring suits of this nature, and so may be expected to weather the storm of controversy generated by such actions, this familiarity does not render community disapprobation any more palatable.

11. The nature and length of the professional relationship with the client.

This category is not applicable to this action.

12. Awards in similar cases.

The cases cited previously in this order serve as appropriate points of reference for the assessment of a proper award in this action. *See also Becker v. Blum,* 487 F.Supp. 873 (S.D.N.Y.1980) ($90 per hour for experienced attorneys, $75 per hour for less experienced attorneys).

On the basis of a thorough consideration of the *Johnson* factors, and the evidence adduced by plaintiff in support of her application for attorney's fees, plaintiff will be awarded $100 per hour for the time spent by Curtis Stuckey, Esquire, and $50.00 per hour for the time spent by Dwight Cook, Esquire. The affidavit filed by Stuckey indicates that he spent 66½ hours on this action. Cook's affidavit states that he spent 50 hours on the case.

In accordance with the foregoing, it is

ORDERED that plaintiff's motion for attorney's fees is GRANTED. It is further

ORDERED that plaintiff shall be awarded attorney's fees in the amount of $9,150. This amount represents an award of $100 per hour for the 66½ hours spent by Stuckey, and $50 per hour for the 50 hours spent by Cook. It is further

ORDERED that plaintiff's motion for new trial on the issue of damages is in all things DENIED.