**The STRATTON GROUP, LTD.,**
Plaintiff,

v.

**CHELSEA NATIONAL BANK et al.,**
Defendants.

No. 71 Civ. 2092.

United States District Court,
S. D. New York.

Jan. 25, 1972.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for plaintiff; Richard L. Bond, Joel M. Leifer, Jeffrey Newman, New York City, of counsel.

Aranow, Brodsky, Bohlinger, Benetar, Einhorn & Dann, New York City, for defendants Chelsea National Bank and Daniel K. Sobol; Anthony L. Tersigni, Robert E. Helpern, New York City, of counsel.

Sassower, Postel & Davis, New York City, for defendant Sassower, Jacobs & Schneider, Inc.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff moves for an order dismissing this action with prejudice but without costs. Defendants do not oppose the dismissal of the action but contend they are entitled to costs and reasonable attorneys' fees.

Earlier in the litigation, plaintiff sought a preliminary injunction restraining the defendants from issuing any rights to subscribe to the common stock of defendant Chelsea National Bank and from issuing any stock pursuant to the exercise of said rights, on the ground that the rights offering violated Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder (17 C.F.R. 240.10b–5). By opinion filed May 20, 1971, Judge Tenney denied plaintiff's motion for a preliminary injunction. In the course of his opinion, Judge Tenney stated the following:

> "When stripped of their conclusory allegations, specious arguments and naked unsupported accusations of fraud, it becomes apparent that plaintiff's complaint, moving papers and affidavits in support thereof really seek to enjoin Chelsea because Sas-

sower and not Sprayregen is doing the underwriting. Moreover, in view of the serious charges of misconduct against the Bank and its directors with regard to improper payments of finder's fees and loans to directors, I am constrained to note with dismay the shocking paucity of evidence presented in support of these accusations. Unsupported accusations couched in boilerplate 'phrases of fraud' surely do not meet the standard of evidence expected by a federal or any other court of equity. It is most unbecoming for two directors, whose status as such is questionable, and one of whom is directly interested in the company allegedly making a more attractive underwriting offer to Chelsea, to try to enjoin consummated and continuing transactions when, assuming the validity of their charges, damages are readily available."

Following the denial of the preliminary injunction, the rights offering went forward and plaintiff subscribed to the shares to which it was entitled thereunder. Plaintiff says this rendered the action moot.

■■■ There is no reason why defendants should not recover their costs under these circumstances. As to attorneys' fees, it is unusual to award such fees to defendants in actions brought under the securities laws because plaintiffs, in bringing such actions, perform a therapeutic service even though it may develop during the course of the litigation that the premises on which they base their actions are without foundation. However, Judge Tenney made it perfectly clear that this is not that kind of a case, and no therapeutic value can be attributed to the plaintiff's instituting this action.

Accordingly, in addition to costs to be awarded the defendants, the judgment to be entered herein dismissing the action with prejudice shall provide for a reasonable attorneys' fee to the defendants. The only evidence as to the amount of attorneys' fees is contained in an affidavit of defendant Sobol, who is president and Chairman of the Board of defendant Chelsea National Bank, who states, ". . . the Bank and I have been forced to incur substantial legal fees, amounting to approximately $15,000, in the defense of this litigation."

Defendants' attorneys will serve on plaintiff, within 10 days of the date of the order to be entered herein, an affidavit detailing the legal services rendered in defense of the action. Plaintiff's attorneys may serve and file an answering affidavit within 10 days after service upon them of defendants' affidavit. Thereafter, defendants' attorneys may notice a hearing on the matter at a time convenient to the Court.

Settle order on notice.