**John Christopher FOX, Appellee,**

v.

**W. F. PARKER, Appellant.**

**No. 78–1613.**

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1980.
Decided July 23, 1980.

Michael J. McManus, Arlington, Va. (Lewis, Wilson, Lewis & Jones, Ltd., Arlington, Va., on brief), for appellant.

Gwendolyn Jo M. Carlberg, Washington, D. C., for appellee.

Before HALL and PHILLIPS, Circuit Judges, and HOUCK, District Judge.*

K. K. HALL, Circuit Judge:

W. F. Parker appeals from a district court order awarding attorney fees to the appellee John Fox pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (the Act). Upon consideration of the briefs, the oral arguments and the record, we affirm the district court in part, vacate in part and remand the case with instructions.

In November 1975, Fox instituted an action under 42 U.S.C. § 1983 in which he alleged that Parker, a Virginia State Troop-

er, used excessive force while arresting him. Fox demanded compensatory and punitive damages as well as attorney fees and costs. At trial, the jury awarded Fox five dollars in damages, and judgment was entered on April 14, 1976. The judgment order did not mention attorney fees or costs.

The district court denied Fox's motion for a new trial, and on May 13, 1976, Fox filed a notice of appeal. On May 23, 1977, Fox voluntarily moved to dismiss his appeal. Fox's motion was granted and the dismissal order was entered on June 2, 1977.

On March 7, 1978, Fox moved the district court for an award of attorney fees and costs incurred in the original trial and subsequent appeal. The motion was based upon the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. No. 94–559 (Oct. 19, 1976), *amending* 42 U.S.C. § 1988, which granted the district courts the discretion to award attorney fees in certain actions or proceedings, including section 1983 actions. The motion was accompanied by counsel's affidavit setting forth the costs and time expended in preparing for trial and the motion for fees. During oral argument on the motion, counsel requested fees for an additional 18½ hours she had expended in preparing the original appeal.

The district court granted the motion and awarded Fox his costs and reasonable attorney fees. The court found that attorney fees could be awarded to Fox pursuant to the Act because Fox's appeal was pending when the Act became effective on October 19, 1976. Included in the award was payment for the time expended by counsel on the initial appeal.

Parker contends that the district court erred in retroactively applying the Act and awarding attorney fees [1] because: (1) the award inflicts manifest injustice; (2) neither the appeal nor the issue of attorney fees was pending on the effective date of the Act; and (3) the motion for fees was untimely. During argument on the motion

---

* C. Weston Houck, United States District Judge, District of South Carolina, sitting by designation.

1. Parker does not contest the propriety of the award of court costs to Fox.

before the district court, Parker failed to raise the issue of timeliness; thus that issue is not before us. Therefore, we need only address Parker's first and second contentions.[2]

A. *Manifest Injustice*

In *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court stated:

> "A court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." 416 U.S. at 711, 94 S.Ct. at 2016.

*Bradley* involved a school desegregation case which was pending on appeal before the Court of Appeals when Congress enacted section 718 of the Education Amendments Act of 1972. Section 718 (20 U.S.C. § 1617) granted the federal courts the discretion to award attorney fees in school desegregation cases. The Supreme Court concluded that the application of that statute to a case pending on appeal did not inflict manifest injustice.

The court's conclusion was based upon an examination of three factors:

(1) The nature and identity of the parties—i. e., can the litigation be characterized as a routine private lawsuit between individuals, or is some public interest at stake? 416 U.S. at 718–19, 94 S.Ct. at 2019–20.

(2) The nature of the rights of the parties—i. e., would a retrospective application of the law "infringe upon or deprive a person of a right that had matured or become unconditional?" 416 U.S. at 720, 94 S.Ct. at 2020 [citations omitted].

(3) The nature of the impact of the change in law upon the parties' existing rights—i. e., would the retrospective application impose new and unanticipated obligations upon a party without notice of an opportunity to be heard? 416 U.S. at 720, 94 S.Ct. at 2020.

Relying upon *Bradley*, Parker argues that the district court's retrospective application of the Act was manifestly unjust because: (1) this litigation was essentially a tort action between two private individuals; (2) the rights litigated were those of a single individual as opposed to a group; and (3) Parker did not know he would be liable for attorney fees. These arguments are without merit.

First, this litigation is not merely a private dispute between two individuals, but involves the violation of a citizen's civil rights by a police officer acting under color of law. The litigation was framed by the complaint and tried under authority of section 1983 and, thus, was the type of litigation contemplated by Congress in the Act.

Second, we see no significance in the fact that only Fox's civil rights were litigated as opposed to those of a group. Certainly, the vindication of an individual's civil rights inures to the benefit of all citizens.

Finally, Parker does not argue that he would have altered his conduct towards Fox had he known of the availability of attorney fees under the Act. The Act did not impose a greater standard of conduct upon Parker, nor does it hold Parker accountable for otherwise innocent conduct.

Accordingly, we find that Parker was not subjected to manifest injustice.

B. *Pendency of the Action*

The legislative history of the Act and a prior decision of the Supreme Court indicate that the Act applies to all section 1983 actions which were pending on Octo-

**2.** Parker contends that under Fed.R.Civ.P. 59(e) the district court lacked jurisdiction to consider the motion. The motion itself was not brought under the authority of any specific Rule. We note, however, that the district court could have properly considered the motion under Fed.R.Civ.P. 60(b). See *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978).

ber 19, 1976.[3] This court has held that the Act applies to section 1983 cases which were pending on appeal when the Act became effective. *Burt v. Abel*, 585 F.2d 613, 617 (4th Cir. 1978). Fox's appeal was pending on that date and therefore comes within the purview of the Act. *Sethy v. Alameda County Water Dist.*, 602 F.2d 894 (9th Cir. 1979), *cert. den.* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).

We find no legal or logical basis for requiring that the issue of attorney fees must be pending on the effective date of the Act. Such an interpretation would run contrary to the authorities cited above and the intent of Congress. Further, we see no significance in the fact that Fox voluntarily dismissed his appeal. Therefore, the district court correctly concluded that this litigation qualified under the Act.

However, the district court's award erroneously included services which are not compensable. As noted previously, Fox was awarded fees for 18½ hours expended on the initial—and voluntarily dismissed—appeal. Section 1988, as amended by the Act, clearly states that attorney fees may be awarded only to the "prevailing party." Since Fox voluntarily requested dismissal of his appeal, he was not a "prevailing party" on appeal and was not entitled to an award for the corresponding fees. Therefore, the district court's award of fees for these hours is vacated, and this case is remanded to the district court for action consistent with our ruling herein. Upon remand, the district court may consider, in its discretion, a further award of attorney fees for the services of Fox's counsel in pursuing this appeal.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

**3.** H.R.Rep. No. 94–1558, p. 4 n. 6 (1976); *Hutto v. Finney*, 437 U.S. 678, 694–95 n. 23, 98 S.Ct. 2565, 2575–76 n. 23, 57 L.Ed.2d 522 (1978).