James A. WADDELL, Plaintiff,

v.

Ernest BRANDON, Defendant.

No. CIV–80–1456–T.

United States District Court,
W. D. Oklahoma.

Dec. 30, 1981.

Gary R. Morris, Oklahoma City, Okl., for plaintiff.

Earl D. Mills, Oklahoma City, Okl., for defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

Defendant, the prevailing party on the merits, has filed an Application for Award of Attorneys' Fees. Defendant cites as authority for his motion 42 U.S.C. § 1988. Plaintiff has responded in opposition to the motion.

In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the Supreme Court discussed the awarding of attorneys fees in civil rights cases as follows:

> "The fee provisions of the civil rights laws are acutely sensitive to the merits of an action and to antidiscrimination policy. Unlike § 1927, both § 1988 and § 2000e-- 5(k) restrict recovery to prevailing parties. In addition, those provisions have been construed to treat plaintiffs and defendants somewhat differently. Prevailing plaintiffs in civil rights cases win fee awards unless 'special circumstances would render such an award unjust,' *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 [88 S.Ct. 964, 966, 19 L.Ed.2d 1263] (1968) (per curiam), but a prevailing defendant may be awarded counsel fees only when the plaintiff's underlying claim is 'frivolous, unreasonable, or groundless.' *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 [98 S.Ct. 694, 701, 54 L.Ed.2d 648] (1978). This distinction advances the congressional purpose to encourage suits by victims of discrimination while deterring frivolous litigation." 477 U.S. at 762, 100 S.Ct. at 2462.

The evidence in this case established that during the early morning hours of March 10, 1979, while on duty as a Valley Brook, Oklahoma police officer, defendant Brandon observed the plaintiff and others exit from the Catalina Club, a well known trouble spot in Valley Brook, Oklahoma. Defendant saw one of the group beaten to the ground and he advanced toward the others to restore order. As Officer Brandon approached the plaintiff and the others, he ordered each of the group to assume a spread position against the wall of the Catalina Club for pat-down searches which were undertaken. Plaintiff was the last person to be searched and as the officer approached plaintiff he was knowledgeable of the fact that the searches of three of plaintiff's companions had already produced two knives and a loaded pistol, respectively. As Officer Brandon started to search plaintiff, plaintiff was argumentative, uncooperative and profane.[1] As the search continued, plaintiff attempted to strike Officer Brandon who, in an effort to protect himself and secure plaintiff, put a wrestling type hold on plaintiff and the two fell to the ground. Upon impact plaintiff injured his elbow and arm. Immediately upon discovering the injury medical assistance was arranged and provided for plaintiff.

Plaintiff has seen fit to sue Officer Brandon for alleged violations of plaintiff's civil rights. The jury returned a verdict in favor of the officer and against the plaintiff.

■ After hearing the evidence, the Court is convinced that plaintiff's action was not commenced in good faith. The evidence failed entirely to show any inference that Officer Brandon conducted himself out of malice for the plaintiff or that he had no probable cause for conducting himself as he did. Considering the highly charged and dangerous circumstances the officer faced, and in an absence of evidence even remotely supporting plaintiff's contentions, the conclusion is inescapable that the suit was frivolous, unreasonable and groundless. Accordingly, defendant, as the prevailing party, is entitled to be awarded his reasonable attorney fees pursuant to 42 U.S.C. § 1988.

Acknowledging the requirement to treat fees in civil rights cases with particular sensitivity, it is also clear that those who abuse the availability of bringing civil rights actions should be penalized. When such a claim is made without grounds, as here, not only is the defendant in the action harassed and put to unjustifiable expense, but the Court's docket is to that extent unavailable to legitimate cases awaiting

---

1. Plaintiff complains that he was unable to spread his feet apart as far as the officer ordered due to tenderness in his groin from a gunshot wound received in a previous fight.

resolution. Irresponsible civil rights litigation such as this has become a national problem, described as resulting in the trivializing and depreciating of this most important process which should be providing fair and prompt trials of claims brought in good faith. It is hardly harsh or inequitable to make the abusers of the process pay a price for it. If the price of irresponsibility is high enough, perhaps there will be less irresponsibility.

■ Defendant Brandon has been billed by his attorneys the sum of $9,135.00 as fees for his attorneys services for the defense of this action, and $3,060.00 as fees for his attorneys services in the defense of civil action number CIV–79–821–T. Both of these actions presented the same claims for relief but action number CIV–79–821–T was dismissed without prejudice upon the plaintiff's motion and without objection by the defendant. Inasmuch as both parties concurred in the dismissal of action number CIV–79–821–T for the reason that they were not ready for trial, this Court will not assess defendant's attorneys fees incurred in that case.

The Court finds the attorneys fees claimed by defendant in this action to be reasonable in amount and supported by the evidence. Accordingly, defendant Brandon is hereby awarded his reasonable attorneys fees in the sum of $9,135.00.