**ACORN, Don Davis and Rev. Hosea Ward, Appellants,**

**v.**

**Mayor David WALLIS, Chief of Police Bobby Norman and The City of Pine Bluff, Appellees.**

No. 82–2512.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1983.

Decided Sept. 23, 1983.

Robert Tolson, Jr., City Atty., Pine Bluff, Ark., and Gill, Skokos, Simpson, Buford & Owen, P.A., Little Rock, Ark., for appellees.

Andrew Weltchek, Bachmann & Weltchek, New Orleans, La., Richard Quiggle, Little Rock, Ark., for appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

ACORN [1] and two of its officers appeal the order of the district court denying their

1. ACORN is an acronym for the Association of Community Organizations for Reform Now.

request for attorney's fees under 42 U.S.C. § 1988. We affirm.

Appellants brought a civil rights action against various officials of the City of Pine Bluff, Arkansas, alleging that defendants had deprived them of equal protection and their first amendment rights by restricting an activity known as "tagging" or "road blocking," that is, the solicitation of contributions from and distribution of information to persons in motor vehicles stopped at intersections. Specifically, appellants challenged the application of a city policy allowing only charitable organizations to tag, which resulted in the denial of permission to ACORN members to tag on certain specified occasions. Appellants sought declaratory and injunctive relief, damages, and attorney's fees. On the same date the complaint was filed they also petitioned the district court for a preliminary injunction.

Defendants/appellees answered the allegations of the complaint by stating as follows:

[W]hile the stated policy of the City of Pine Bluff is to limit road blocking to charitable organizations, in practice there has been no limitation on who may road block and the plaintiffs have themselves be[en] granted the opportunity to road block. The only limitation that the City of Pine Bluff has imposed upon road blocking is that it has limited each charity or other organizations seeking to road block to road blocking only once a year. ... [T]he plaintiff maintained a road block in the City of Pine Bluff in November, 1981 and ... the plaintiffs have been advised that they would be allowed to maintain a road block ... during the Fall of 1982.

Appellees also opposed the request for a preliminary injunction.

On the date scheduled for a hearing on appellants' motion for a preliminary injunction the parties appeared with their attorneys, who advised the court that the injunction was unnecessary. In this regard counsel for appellants stated,

The City has agreed, without making concessions on the merits, of course, and without us insisting on that, simply to suspend enforcement of their policy with regard to tagging and allow ACORN to tag while the City Council considers the question and undertakes to pass an ordinance or issue some further policy in the matter, which we will then consider on its merits and come back to this Court for leave to amend or dismiss our complaint, depending on the status of the situation at that time.

Counsel for appellees concurred in these remarks.

A few days later counsel for appellees wrote to opposing counsel, advising that the City Council would consider the tagging question at an upcoming public meeting. In responding to this letter, counsel for appellants stated that members of ACORN would "readily accept" an ordinance restricting tagging to specified intersections and allowing only one organization to tag on any given date.[2] Counsel added,

If the City sees fit to attempt to outlaw tagging altogether, we will give very serious thought to litigating that issue. In the meantime, however, since we feel the City is considering the matter in good faith, we see no reason to continue the present lawsuit.

Appellants subsequently dismissed their suit without waiting for definitive action on the tagging question by the City Council. Shortly thereafter, the City Council voted to prohibit all tagging activity conducted at city intersections.

After dismissing the action appellants moved for an award of $368.59 in costs and $8,654.40 in attorney's fees under 42 U.S.C. § 1988. The district court denied the award, reasoning that appellants had not prevailed on the merits of any of their claims. The court also found that appellants' action was not a catalyst of change favorable to appellants since the City of

---

**2.** In this regard, counsel for appellants proposed a system under which an organization that wished to tag could reserve a specific date up to one month in advance.

Pine Bluff now prohibits tagging altogether.

On appeal, appellants assert that they prevailed on their equal protection claim because they obtained the right to tag when the City suspended enforcement of its policy allowing tagging only by charitable organizations.[3] In countering this argument, appellees contend that appellants were not prevailing parties since no determination or acknowledgement of the merits of their claims was made at any juncture.

We note initially that the district court and the parties correctly framed the fundamental issue for decision in this case, namely, whether appellants are prevailing parties within the meaning of 42 U.S.C. § 1988. In *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court stated,

> A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' [Citation omitted].

An earlier Supreme Court decision, *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), elaborates on the standard noted in *Hensley.* In discussing the propriety of an award of attorney's fees in a case in which the appellate court reversed the decision of the district court and remanded for a new trial, the Court in *Hanrahan* stated,

> Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

*Id.* at 758, 100 S.Ct. at 1989. Our own formulation of the appropriate standard also emphasizes the need for a favorable determination of a significant issue raised by the party seeking to recover attorney's fees. *E.g., Reel v. Arkansas Department of Correction,* 672 F.2d 693, 697 (8th Cir.1982).

In the instant case it is clear that appellants did not prevail. The district court did not determine the merits of either of the constitutional claims asserted. In addition, appellants did not obtain any concessions on the merits of the litigation when appellees agreed to allow ACORN members to tag pending action by the City Council. Appellants contend that their suit was the catalyst that brought about the suspension of tagging restrictions by the City, but this contention is unsupported by the record before us. *See United Handicapped Federation v. Andre,* 622 F.2d 342 (8th Cir.1980). In light of appellants' voluntary dismissal without obtaining any concessions on the merits from appellees or a judicial determination of substantial rights, they cannot recover attorney's fees. *See Hensley v. Eckerhart, supra; Hanrahan v. Hampton, supra; Fast v. School District of Ladue,* 712 F.2d 379 (8th Cir.1983); *Reel v. Arkansas Department of Correction, supra; Fox v. Parker,* 626 F.2d 351, 354 (4th Cir.1980) (plaintiff not entitled to award of attorney's fees for time spent on voluntarily dismissed appeal).

Accordingly, the judgment of the district court is affirmed.

---

**3.** Appellees maintain that the policy suspended by the City pending City Council action was the "one solicitation per year" policy allegedly invoked on certain prior occasions to disallow tagging by appellants.