**LEEMA ENTERPRISES, INC., and Leon R. Richartz, Plaintiffs,**

v.

**Hans WILLI and Handelskredit-Bank, A.G., Defendants.**

No. 83 Civ. 6434 (KTD).

United States District Court, S.D. New York.

March 28, 1984.

Morgan, Lewis & Bockius, New York City, for plaintiffs; Thomas R. Stritter, New York City, of counsel.

Reaves & Yates, New York City, for defendant Handelskredit-Bank, A.G.; James A. Reaves, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Handelskredit-Bank, A.G. ("HBK") moves for attorneys' fees pursuant to Fed. R.Civ.P. 11, 28 U.S.C. § 1927, and the equitable power of the court. Familiarity with my December 21, 1983 Memorandum and Order, reported at 575 F.Supp. 1533, in which I dismissed the complaint as against defendant HBK for lack of personal jurisdiction and improper venue, is assumed. For the reasons that follow, the motion is denied.

Fed.R.Civ.P. 11 provides in relevant part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Section 1927 also permits recovery of attorneys' fees. It provides:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Finally, a court in its equitable power, may award a litigant attorneys' fees

when the unsuccessful litigant has been found to have " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons ....' " *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974)). Of these three standards, Rule 11 appears to be the most expensive standard for the recovery of attorneys' fees.

■ Even under Rule 11, however, I find that HBK is not entitled to attorneys' fees. The two grounds that I relied upon in dismissing the Complaint against HBK were lack of personal jurisdiction and improper venue. I found that the Bank's passive maintenance of four correspondent bank accounts in New York to facilitate international banking transactions was an insufficient contact to satisfy due process. The jurisprudence of personal jurisdiction, however, is an occasionally confusing and complex area of the law. I cannot conclude that there was no "reasonable basis" for plaintiff's attempt to argue that HBK had minimum contacts with New York.

Furthermore, my conclusion that HBK's receipt of a $250,000 investment installment through one of the New York correspondent bank accounts was not a "material" act in defendants' alleged fraudulent scheme, does not mean that plaintiff had no reasonable basis to make such an assertion. I find that it was not an unreasonable argument. Thus, Rule 11 does not justify an attorneys' fees' award under these circumstances.

■ Finally, HBK has not established that plaintiffs acted wantonly or in bad faith in bringing this action. Thus, HBK is not entitled to attorneys' fees under any other legal basis for recovery. Accordingly, HBK's motion for attorneys' fees is denied.

SO ORDERED.