Frank **FERNANDEZ**, **Jr. and Marie Fernandez, Plaintiffs,**

v.

**SOUTHSIDE HOSPITAL: Theodore Jospe, Individually and as President of Southside Hospital; Michael Nolan, Individually and as Senior Vice President of Southside Hospital; Daniel Battiste, Individually and as Director of Personnel of Southside Hospital; Barry Schiff, Individually and as Assistant Administrative Director of Radiology of Southside Hospital, Richard Greenfield, Individually and as Vice President of Southside Hospital and Richard Moraglia, Individually and as Administrative Director of Radiology of Southside Hospital, Defendants.**

No. CV–83–5432.

United States District Court, E.D. New York.

Aug. 27, 1984.

Timothy W. Sullivan, Garden City, N.Y., for plaintiffs.

Cullen & Dykman by Peter J. Mastaglio, Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

ALTIMARI, District Judge.

Defendants seek an award of attorneys' fees and disbursements under the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. § 1988, and Fed.R.Civ.P. 11.

### FACTS

Plaintiffs commenced this action on or about December 16, 1983. The complaint purports to state five causes of action, including at least one for the violation of Mr. Fernandez' constitutional and civil rights. 42 U.S.C. §§ 1983, 1985.

On February 22, 1984, defendants moved for an order pursuant to Rule 12(b)(6), Fed. R.Civ.P., dismissing the complaint for failure to state a claim upon which relief may be granted among other reasons. On or about April 26, 1984, and prior to the return date of defendants' motion to dismiss, plaintiffs filed a notice of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(i), dismissing the action without prejudice. The affidavit of plaintiffs' attorney attached to the notice of dismissal stated that while he believed defendants' acts to have been undertaken under color of state law, the action was being dismissed because "the evidence and money needed to prove a claim under 42 U.S.C., section 1983 and section 1985, would be too time consuming and expensive and, that more important, complete relief may be obtained in the state court." Affidavit of Timothy W. Sullivan at par. 10.

Defendants now seek an award of attorneys' fees and disbursements under 42 U.S.C. § 1988 and Fed.R.Civ.P. 11. Defendants argue, absent citation of any authority, case law or otherwise, that since plaintiffs discontinued the action "under

the threat of a motion to dismiss on the merits," they "are obviously the 'prevailing parties' in this action ...." Defendants' Memorandum of Law on Motion for Attorneys' Fees at 2–3. They further claim an entitlement to attorneys' fees under rule 11, arguing that "In the affidavit attached to the notice of discontinuance, the attorney for the plaintiffs concedes either his inability or his unwillingness to prove the central allegations of the complaint alleging federal civil rights violations." *Id.* at 3. Again, however, they offer no authority in support of their position.

## DISCUSSION

### 42 U.S.C. § 1988

Defendants are not entitled to an award of attorneys' fees because: (1) they are not "prevailing parties;" and (2) they have not, in any event, shown that plaintiffs' suit was clearly frivolous, vexatious or brought in bad faith.

### I.

 Since defendants had not answered the complaint nor moved for summary judgment, plaintiffs could voluntarily dismiss this action under Fed.R.Civ.P. 41(a)(1)(i) as a matter of right. *Kilpatrick v. Texas & P. Ry. Co.*, 166 F.2d 788 (2d Cir.), *cert. denied sub nom. Texas & P. Ry. Co. v. Kilpatrick*, 335 U.S. 814, 69 S.Ct. 32, 93 L.Ed. 369 (1948); 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2363, at 155 (1971) (hereinafter "Wright & Miller") (motion to dismiss does not terminate the right of dismissal by notice.) Further, since the notice of dismissal did not provide otherwise, the dismissal was without prejudice. Fed.R.Civ.P. 41. It is well-settled that "[a] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." Wright & Miller, *supra*, § 2367, at 186; *see, In re Piper Aircraft Distribution System Antitrust Litigation v. Piper Aircraft Corp.*, 551 F.2d 213, 219 (8th Cir.1977); *Humphreys v. United States*, 272 F.2d 411 (9th Cir.1959); *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.), *cert. denied*, 344 U.S.

878, 73 S.Ct. 169, 97 L.Ed. 680 (1952). Thus, plaintiffs did no more than exercise their right to dismiss this action and, at least on the face of things, no one prevailed—it was as if the action had never been filed.

Accordingly, looking simply to the legal effect of a voluntary dismissal under Fed. R.Civ.P. 41(a)(1)(i), a plausible argument can be advanced that defendants have not "prevailed" in this action and are not, therefore, entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

Of course, there is a flip side to the coin. Thus, for example, in *Corcoran v. Columbia Broadcasting System*, 121 F.2d 575 (9th Cir.1941), plaintiff brought suit for copyright infringement and defendant moved to dismiss and/or for a more definite statement. The district court granted the motion for a more definite statement with leave to plaintiff to amend his complaint. Instead of amending his complaint, however, plaintiff moved for a voluntary dismissal, which the court granted. Subsequently, the court awarded defendant attorneys' fees. On appeal, plaintiff argued "that in view of his voluntary dismissal without prejudice," defendant was not the prevailing party.

The Court of Appeals disagreed:

"We think this is too narrow an interpretation of the statute. [840 of the Copyright Act (Act of March 4, 1909, c. 320, 35 Stats. 1084)]. The authority given is not in terms limited to the allowance of fees to a party who prevails only after a trial on the merits. Where, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute even though he may, at the whim of the plaintiff, again be sued on the same cause of action."

*Id.* at 576. *See, Natural Resources Defense Council v. U.S.E.P.A.*, 703 F.2d 700,

707 (3d Cir.1983) (Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)); *United States for Heydt v. Citizens State Bank*, 668 F.2d 444 (8th Cir.1982) (EAJA); H.R.Rep. No. 418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4990 (EAJA).

In *Reaemco, Inc. v. Allegheny Airline*, 496 F.Supp. 546 (S.D.N.Y.1980), defendants moved to dismiss plaintiffs' antitrust complaint pursuant to Rule 12(b)(6), Fed.R. Civ.P., for failure to state a claim upon which relief can be granted. Plaintiff consented to the dismissal of one defendant, Penn Central, and Penn Central sought an award of costs contending that it should never have been named as a defendant in the first place.

The Court granted Penn Central costs since "Penn Central has been put to expense and inconvenience equal to that of the other defendants up to this point, because Reamco consented to its dismissal only after reading Penn Central's memorandum in support of its motion to dismiss." *Id.* at 549 n. 2. In addition, the Court noted that Penn Central was "legally entitled to dismissal of the complaint on the grounds urged in its motion, and the fact that the complaint was brought in good faith is not by itself grounds for denying costs to a prevailing party." *Id. See, Stratton Group Ltd. v. Chelsea National Bank*, 54 F.R.D. 227 (S.D.N.Y.1972); *Pacific Vegetable Oil Corp. v. S/S Shalom*, 257 F.Supp. 944, 952 n. 5 (S.D.N.Y.1966); Wright & Miller, *supra*, § 2667, at 178–80.

█ As evidenced from the above discussion, the law is far from clear or settled in this largely untraveled area. Certainly, it cannot be said that a defendant *always* prevails when a plaintiff voluntarily dismisses his lawsuit without prejudice. It would be incorrect and illogical, however, to hold that a defendant never prevails upon such a voluntary dismissal. The answer, we believe, lies in examining the circumstances surrounding the voluntary dismissal. For example, where the complaint is clearly frivolous or there have been proceedings on the merits [1] or substantial discovery, defendants have a stronger argument that they prevail when plaintiff voluntarily discontinues suit. On the other hand, where it has not been shown that the complaint is frivolous and there have been no proceedings on the merits nor substantial pre-trial proceedings, the argument must necessarily be less persuasive.

We are reinforced in this view by an examination of the legislative history of the Attorneys Fees Award Act of 1976, 42 U.S.C. § 1988.

The Senate Report accompanying the statute states that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they *vindicate rights* .... without formally obtaining relief." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News, 5908, 5912. (emphasis added).

The House Report on § 1988, states that:

"A prevailing defendant may also recover its fees when the plaintiff seeks and obtains a voluntary dismissal of a *groundless* complaint ..."

H.Rep. No. 94–1558, 94th Cong., 2d Sess. 7–8 (1976) (emphasis added).

█ Clearly then, while Congress intended that a party, even a defendant, might prevail in the absence of formally obtaining relief, as where the plaintiff voluntarily discontinues suit, it is necessary that such a defendant vindicate rights or establish clearly the groundlessness of plaintiff's complaint. We find no indication that Congress intended to include within the term "prevailing parties", as used in 42 U.S.C. § 1988, a defendant who formally obtains no relief while neither vindicating rights nor establishing the groundlessness of the plaintiff's complaint.

---

**1.** For example, the plaintiff may have sought unsuccessfully preliminary or injunctive relief. *See e.g., Santiago v. Victim Services Agency*, No. 83–CV–3322 (S.D.N.Y. February 3, 1984 (Werker J.,) (Plaintiffs voluntarily discontinued their action after losing their motion for a preliminary injunction).

Thus, in a relaxed context, it has been held that "[a] plaintiff who voluntarily dismisses the ... action ... cannot be considered the prevailing party unless he can demonstrate that *substantial results were achieved by the lawsuit.*" *Othen v. Ann Arbor School Bd.*, 699 F.2d 309, 313 (6th Cir.1983) (emphasis added); *see, Gingras v. Lloyd*, 740 F.2d 210, 213 (2d Cir. 1984) (plaintiff must achieve some vindication of his rights as a result of the lawsuit); *Acorn v. Wallis*, 717 F.2d 451 (8th Cir.1983); *Fox v. Parker*, 626 F.2d 351 (4th Cir.1980); *see also, Waddell v. Brandon*, 528 F.Supp. 1097 (W.D.Okla.1981) (defendant); *cf. Fields v. City of Tarpon Springs, Florida*, 721 F.2d 318 (11th Cir.1983); *De-Mier v. Gondles*, 676 F.2d 92 (4th Cir.1982).

Having set forth the legal standard, our task now is to apply the standard to the case at hand.

In their moving memorandum of law, even defendants do not argue that plaintiffs' action was groundless. Instead, they suggest that plaintiff's approach to this litigation was either irresponsible or a form of harassment. In their reply memorandum of law, however, for the first time they suggest that the action was both meritless and frivolous.

While one must question plaintiffs' actions in commencing this lawsuit in federal court, in view of what they now tell us, certainly it has not been shown that the suit was clearly groundless. *See* discussion *infra*. Nor have defendants vindicated any rights, and this lawsuit will merely shift to a new forum, state court.

In sum, in light of the circumstances of this case and after carefully reviewing the papers before us, we conclude that defendants are not prevailing parties within the meaning of 42 U.S.C. § 1988.

## II.

▉ Even assuming *arguendo* defendants are prevailing parties, they are, nonetheless, not entitled to an award of attorneys' fees for yet another reason. A defendant, including one who is found to have prevailed through a voluntary discontin-uance of suit, is not entitled to an award of attorneys' fees simply because he prevails. *See*, H.Rep. No. 94–1558, 94th Cong., 2d Sess. 7–8 (1976). For a defendant, the propriety of an award of attorneys' fees is not measured by success alone. To recover attorneys' fees, a defendant must establish that plaintiffs' suit was vexatious, frivolous, groundless or brought in bad faith or to harass or embarrass him. *General Camera Corp. v. Urban Development Corp.*, 734 F.2d 468, 468 (2d Cir.1984).

Defendants have failed to establish to our satisfaction that plaintiffs' suit meets any of the above criteria. Indeed, the motion made before the Court was for the most part addressed to the complaint's failure adequately to state a claim for relief under the civil rights act. Thus, even had we addressed that motion and ruled in defendants' favor, assumedly the complaint would have been dismissed for failure to state a claim for relief without reaching the underlying merits and the question of whether the suit was frivolous, groundless, vexatious or brought to harass or embarrass the defendants. Thus, we believe an award of attorneys' fees to be inappropriate. *See, Hughes v. Rowe*, 449 U.S. 5, 15–16, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' ...."); *Kaimowitz v. Howard*, 547 F.Supp. 1345 (E.D.Mich.1982).

Furthermore, we think it significant that defendants principally concentrate on the considerable time and effort expended by their attorneys in preparing the motion to dismiss, *see* affidavit of Peter J. Mastaglio, May 15, 1984, at pars. 6–9, rather than the alleged frivolity of the complaint. Their effort, however, has not gone unrewarded. They have successfully moved an action to what appears to be the more appropriate forum.

Finally, in denying defendant's motion for attorneys' fees pursuant to 42 U.S.C. § 1988, we caution for strict application of

the legal standards and careful scrutiny when a defendant moves for such relief after a plaintiff voluntarily discontinues his suit without prejudice. Indeed, to allow defendants liberally to recover attorneys' fees in a situation as this would do much to chill and inhibit the commencement of future civil rights actions and might, we fear, cause plaintiffs to continue lawsuits improvidently commenced in Federal Court, often at the behest of counsel, for fear of bearing their adversary's costs. *Cf., Goff v. Texas Instruments, Inc.,* 429 F.Supp. 973, 976 (N.D.Tex.1977) (plaintiff's refusal to voluntarily discontinue his action "after the defendant had filed a brief on the subject, can only be characterized as clearly frivolous.")

### III.

Defendants also seek attorneys' fees pursuant to rule 11, Fed.R.Civ.P.

Rule 11 provides in pertinent part that:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whos address shall be stated.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may

include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

■ Under rule 11, the Court must examine whether plaintiffs' attorney acted reasonably under the circumstances. *See* Fed.R.Civ.P. 11, advisory committee notes, *reprinted in* 97 F.R.D. 196, 198 ("The standard is one of reasonableness under the circumstances"); *Leema Enterprises, Inc. v. Willi,* 582 F.Supp. 255 (S.D.N.Y.1984).

■ Here, having examined the parties' papers we do not believe that plaintiffs' attorney acted so unreasonably in instituting this action as to warrant the severe sanctions of rule 11. While the complaint was poorly drafted and failed to allege much, plaintiffs' attorney could have reasonably believed that he would be able to establish state action. *See* plaintiffs' memorandum of law in opposition to defendants' motion for attorneys' fees; affirmation in opposition of Timothy W. Sullivan, undated; Fed.R.Civ.P. 11, advisory committee notes, 97 F.R.D. at 199 ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.") Further, the question of the applicable statute of limitations for the civil rights claims and when such limitations period commenced to run—an issue we do not reach— is not so clear as to seriously contend that plaintiffs' attorney unreasonably believed the action to be timely. In addition, while upon careful examination plaintiffs' allegations may have fallen short of stating a valid claim for relief, this alone does not warrant the relief contemplated by rule 11. Fed.R.Civ.P. 11, advisory committee notes, 97 F.R.D. at 199 ("The court is expected to avoid using the wisdom of hindsight ....."). Finally, we find no indication that plaintiffs' attorney acted in bad faith. *See Tedeschi v. Smith Barney,* 579 F.Supp. 657, 661 (S.D.N.Y.1984) (Weinfeld, J.) ("Rule 11 ... also involves a bad faith concept."); *see also, Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980), *cf.,* Fed.R.Civ.P. 11, advisory

committee notes, 97 F.R.D. at 200 ("The reference in the former text to willfulness as a prerequisite to disciplinary action has been deleted.").

Accordingly, in the exercise of what we believe to be sound discretion, we find the severe sanctions of rule 11 to be unwarranted.

## CONCLUSION

For the reasons stated herein, defendants' motion for attorney's fees and disbursements under 42 U.S.C. § 1988 and Fed.R.Civ.P. 11 is denied.

SO ORDERED.