Kenneth DONALDSON, Plaintiff,

v.

Mrs. J. B. O'CONNOR as personal representative of the Estate of Dr. J. B. O'Connor, and John Gumanis, Defendants.

No. TCA 1693.

United States District Court, N. D. Florida, Tallahassee Division.

July 11, 1978.

Bruce J. Ennis, New York Civil Liberties Union, New York City, Paul R. Friedman, Mental Health Law Project, Washington, D. C., Morton Birnbaum, Brooklyn, N. Y., for plaintiff.

Richard A. Hixson, William C. Sherrill, Asst. Attys. Gen., Dept. of Legal Affairs, Civil Division, Tallahassee, Fla., Raymond W. Gearey, Gen. Counsel, Dept. of Offender Rehabilitation, Tallahassee, Fla., Mary E. Clark, Gen. Counsel, Dept. of Community Affairs, Tallahassee, Fla., for defendants.

## ORDER

STAFFORD, District Judge.

■ On August 11, 1977, the court ruled that plaintiff was the prevailing party and ordered defendants to pay reasonable attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Subsequently, the court ordered the submission of memoranda and set a hearing to resolve certain legal questions concerning the application of the Act to this case. Having carefully reviewed the extensive memoranda submitted by the parties and having heard the respective arguments, the court concludes that the Civil Rights Attorney's Fees Awards Act of 1976 must be construed broadly to fulfill Congress' clearly stated purpose of encouraging private litigation to enforce the Civil Rights Acts.

### I. *Determination of Hourly Rate*

#### A. *Salary as a Limit*

■ Defendants assert that the wage paid to plaintiff's attorney by a nonprofit corporation during the conduct of the litigation constitutes an upper limit on the amount of attorney's fees properly awardable under 42 U.S.C. § 1988. The legislative intent and existing case law, however, require a contrary result.

The Senate Judiciary Committee Report on the 1976 Act states:

The appropriate standards, see *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), are correctly applied in such cases as *Stanford Daily v. Zurcher,*

64 F.R.D. 680 (N.D.Cal.1974); *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444 (C.D.Cal.1974); and *Swann v. Charlotte-Mecklenburg Board of Education,* 66 F.R.D. 483 (W.D.N.C.1975).

S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913. In each of the three cases cited in the Senate report the court refused to employ a different standard for determining attorney's fees merely because the attorneys were employed by a non-profit public interest law firm. *Stanford,* at 681; *Davis,* at 5048–49; *Swann,* at 486. The House of Representatives report is also instructive as to the congressional intent:

[A] prevailing party is entitled to counsel fees even if represented by an organization or if the party is itself an organization.

H.R.Rep.No.94–1558, 94th Cong., 2d Sess. 8 n. 16 (1976).

The federal appellate courts have generally held a plaintiff's representation by an attorney supported by public funds or a public interest group to be irrelevant to the computation of attorney's fees. *See, e. g., Torres v. Sachs,* 538 F.2d 10 (2d Cir. 1976); *Rodriquez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977); *Tillman v. Wheaton-Haven Recreation Assn., Inc.,* 517 F.2d 1141 (4th Cir. 1975); *Fairley v. Patterson,* 493 F.2d 598 (5th Cir. 1974); *Incarcerated Men of Allen County Jail v. Fair,* 507 F.2d 281 (6th Cir. 1974). The Third Circuit has specifically held that it was an abuse of discretion for the district court to emphasize "the factor of absolute salaries paid by CLS [Community Legal Services, Inc.] in deriving an hourly rate of compensation." *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977).

The principles announced in the above-cited cases recognize that legal services organizations have limited resources with which to represent their clients. Without attorney's fees to supplement these meager resources, worthy claims may be "silenced or stifled." *Incarcerated Men, supra* at 286. Therefore, it is the opinion of this court, and the court so holds, that the hourly rate

for computation of attorney's fees under 42 U.S.C. § 1988 cannot be limited to the hourly rate at which plaintiff's attorneys were compensated by a nonprofit corporation for the work done in the conduct of this litigation.

### B. *Criminal Justice Act As a Limit*

 For similar reasons, defendants' contention that the Criminal Justice Act limits counsel fees for public interest lawyers must be rejected. *See* 18 U.S.C. § 3006A(d) (1970). Although this position was adopted in *Souza v. Travisono,* 512 F.2d 1137 (1st Cir.) *vacated,* 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975), the First Circuit overruled *Souza* in *King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977). In doing so, the court specifically relied on the legislative history of 42 U.S.C. § 1988, which was intended by Congress to generate fees "adequate [enough] to 'attract competent counsel . . . .'" The standards prevailing in other types of complex federal litigation, such as antitrust litigation, and not the conservative Criminal Justice Act fee scale, are to be applied. *Id.* at 1026; S.Rep.No. 1011, 94th Cong., 2d Sess. 6, U.S.Code Cong. & Admin.News 1976, p. 5913. To like effect is the Third Circuit's ruling in *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977).

In accord with the above-cited authorities, this court holds that the fees to be awarded for the work of public interest lawyers under 42 U.S.C. § 1988 are not limited to the hourly rates set forth in the Criminal Justice Act.

### C. *Geographical Location As a Limit*

 Next, defendants contend that attorney's fees must be limited to the fee customarily charged in the district where the case was tried. This contention is based upon the Fifth Circuit's articulation in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) of the factors to be considered in setting the amount of an attorney's fee award. In discussing the fifth factor, the court stated:

> As long as minimum fee schedules are in existence and are customarily followed by the lawyers *in a given community,* they should be taken into consideration (citations omitted) (emphasis added).

488 F.2d at 718.

Language in many other cases also supports the defendants' position. *See, e. g., Guajardo v. Estelle,* 432 F.Supp. 1373 (S.D. Tex.1977); *McCormick v. Attala County Board of Education,* 424 F.Supp. 1382 (N.D. Miss.1976); *Clark v. American Marine Corp.,* 320 F.Supp. 709 (E.D.La.1970). *See also* 57 A.L.R.3d 475 § 5. Two pre-*Johnson* Fifth Circuit cases suggest that the relevant consideration in assessing a reasonable attorney's fee is "the custom or rule in the place of . . . [an attorney's] practice." *Ranger Insurance Co. v. Algie,* 482 F.2d 861, 864 (5th Cir. 1973); *Sandoval v. Mitsui Sempaku K.K. Tokyo,* 460 F.2d 1163. (5th Cir. 1972). Additionally, in *Milwaukee Towne Corp. v. Lowe's, Inc.,* 190 F.2d 561, 571 (7th Cir. 1951), the Seventh Circuit specifically reduced the fees requested by New York attorneys to the prevailing hourly rate in Chicago.

From the cases discussed above it must be concluded that, as a general matter, the fees customarily charged in the community where the lawsuit is prosecuted will govern the amount of fees to be awarded under § 1988. In none of these cases, however, were the courts faced with the precise question presented here.

Plaintiff argues a different result must follow in this case, because he was unable to retain a local attorney despite repeated efforts over many years. In *Milwaukee Towne, supra,* there was no indication that Chicago attorneys could not have been found to represent the plaintiff. Here, though, plaintiff was unable to find a single local attorney either willing or able to represent him in bringing this civil rights action presenting novel and difficult questions of law.

The purpose of amending 42 U.S.C. § 1988 (1976) was to promote "vigorous enforcement of modern civil rights legislation . . . ." S.Rep.No.94–1011, 94th Cong., 2d Sess. 4 (1976); H.R.Rep.No.94–1558, 94th Cong., 2d Sess. 9 (1976), U.S.Code Cong. & Admin.News 1976, p. 5911.

Limiting attorneys from Washington, D. C. (or any other area where attorney's fees may be higher) to the hourly rate that prevails for similarly skilled attorneys in the Northern District of Florida may dissuade counsel from accepting difficult or unprecedented cases similar to the one at bar. As a consequence, deserving plaintiffs may effectively be denied counsel, thereby frustrating the clear legislative intent. Accordingly the court holds that where, as here, a plaintiff can show he has been unable through diligent, good faith efforts to retain local counsel, attorney's fees under 42 U.S.C. § 1988 are not limited to the prevailing rate in the district where the case is tried.

## II. Settlement Award As A Limit On Attorney's Fees

Defendants contend that an award of attorney's fees in excess of the $20,000.00 settlement is unreasonable. Although there is some support in the case law for defendant's position,[1] the legislative intent behind the 1976 amendment to § 1988 and the greater weight of case authority leads to the conclusion that the settlement is not a limit on reasonable attorney's fees.[2]

The House and Senate reports accompanying the Civil Rights Attorney's Fees Awards Act of 1976 leave no doubt that fees are available even though nonpecuniary rights are at stake in a particular litigation. S.Rep.No.94–1011, 94th Cong., 2d Sess. 6 (1976); H.R.Rep.No.94–1558, 94th Cong., 2d Sess. 8–9 (1976). Consequently, recovery of counsel fees is not necessarily dependent upon the recovery of damages or even upon the amount of damages recovered, whether by settlement or otherwise. As stated in the Senate and House reports, the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d

714 (5th Cir. 1974), form the appropriate standard by which to judge the reasonableness of attorney's fees. S.Rep. at 6; H.Rep. at 8. In Johnson, the Fifth Circuit stated:

> Although the court should consider the amount of damages, or back pay awarded, that consideration should not obviate court scrutiny of the decision's effect on the law. If the decision corrects across-the-board discrimination affecting a large class . . ., the attorney's fee awarded should reflect the relief granted.

Johnson, supra at 718.

Therefore, everything plaintiff has accomplished as a private attorney general in this lawsuit, and not just the $20,000 settlement, must be considered when awarding fees. While plaintiff did not prevail in all aspects of this case, his attorneys accomplished the following: (1) plaintiff's immediate release from the Florida State Hospital; (2) negotiation of a $20,000.00 settlement; and (3) a decision from the United States Supreme Court establishing a significant precedent concerning the civil rights of mental patients. In plaintiff's case, the Supreme Court announced the constitutional principle that "a State cannot constitutionally confine without more a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends." O'Connor v. Donaldson, 422 U.S. 563, 576, 95 S.Ct. 2486, 2494, 45 L.Ed.2d 396 (1975). Given these circumstances, it would be inappropriate to limit plaintiff's attorney's fees recovery to the amount of the monetary settlement.

## III. Degree Of Success As A Limit On Attorney's Fees

Defendants argue that an award of attorney's fees must be restricted to compensation only for work related to those issues

1. See United States v. School Board of City of Suffolk, 418 F.Supp. 639 (E.D.Va.1976); Hyland v. Kenner Products Co., 13 E.P.D. ¶ 11,427 (S.D.Ohio 1976).

2. See Brown v. Culpepper, 559 F.2d 274 (5th Cir. 1977); Beazer v. New York City Transit Authority, 558 F.2d 97 (2d Cir. 1977); Rosen-

feld v. Southern Pacific Co., 519 F.2d 527 (9th Cir. 1975); Morning Pioneer, Inc. v. Bismarck Tribune Co., 493 F.2d 383 (8th Cir. 1974), cert. denied, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1974); Palmer v. Rogers, 10 E.P.D. ¶ 10,499 (D.D.C.1975).

which were resolved in plaintiff's favor. Prior to the enactment of the 1976 Act, numerous cases held that an award of attorney's fees must be proportionate to the extent to which the plaintiff prevailed. *See Muller v. United States Steel Corp.,* 509 F.2d 923 (10th Cir. 1975); *Marr v. Rife,* 503 F.2d 735 (6th Cir. 1974); *Williams v. General Foods Corp.,* 492 F.2d 399 (7th Cir. 1974); *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002 (9th Cir. 1972). Other case authority was to the contrary. *See Locklin v. Day-Glo Color Corp.,* 429 F.2d 873 (7th Cir. 1970); *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal.1974), *aff'd,* 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds,* —— U.S. ——, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978); *Palmer v. County of Los Angeles,* 8 E.P.D. ¶ 9,444 (C.D.Cal.1974).

■ In enacting the 1976 amendment to § 1988, Congress clearly could not have contemplated that an award of attorney's fees should depend upon the extent to which a plaintiff prevails in gaining all the relief requested, since the legislative history indicates that an award of fees may be proper even where a plaintiff "prevails," but is denied formal judicial relief:

> A "prevailing" party should not be penalized for seeking an out-of-court settlement, thus helping to lessen docket congestion. Similarly, after a complaint is filed, a defendant might voluntarily cease the unlawful practice. A court should still award fees even though it might conclude, as a matter of equity, that no formal relief, such as an injunction, is needed.

H.R.Rep.No.94–1558, 94th Cong. 2d Sess. 7 (1976).

■ In the case at hand, plaintiff was released from Florida State Hospital shortly after this court set a hearing on his petition for habeas corpus. His release alone would qualify plaintiff as a "prevailing party" and should lead to an award of attorney's fees. *See Buckton v. National Collegiate Athletic Ass'n,* 436 F.Supp. 1258, 1265 (D.Mass.1977).

Other requested relief, even though pursued unsuccessfully, may form a portion of the basis for an award of attorney's fees as well. As noted in the Senate report:

> In computing the fee, counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, *"for all time reasonably expended on a matter"* (emphasis added).

S.Rep.No.94–1011, 94th Cong. 2d Sess. 6 (1976), U.S.Code Cong. & Admin.News 1976, p. 5913. Reasonableness is determined by reference to the standards enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), as applied in *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal.1974); *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9,444 (C.D.Cal.1974), and *Swann v. Charlotte-Mecklenburg Bd. of Ed.,* 66 F.R.D. 483 (W.D.N.C.1975). S.Rep., at 6.

■ In *Davis,* it was considered legally irrelevant to the award of fees that plaintiff's counsel spent time on issues which were not litigated or upon which the plaintiff did not prevail. Since plaintiff achieved excellent results, plaintiff's counsel was "entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved. . . ." *Id.* at 5049. In *Stanford Daily* the court stated:

> [R]ecent decisions . . . deny fees for clearly meritless claims but grant fees for legal work reasonably calculated to advance their clients' interest. These decisions acknowledge that courts should not require attorneys (often working in new or changing areas of the law) to divine the exact parameters of the courts' willingness to grant relief.

*Id.* at 684. Therefore, the legislative intent, as expressed in *Stanford Daily* and *Davis,* supports awarding fees for work expended on reasonably related but unsuccessful claims.[3]

■ In the present case, plaintiff's release precluded pursuit of both the class action and injunction aspects of the case.

---

3. This does not mean that attorneys' fees should be awarded for unnecessary work, duplication, or the pursuit of meritless claims. *See Stanford Daily, supra.*

These issues became no longer relevant to the ultimate resolution of the case. Nevertheless, it cannot be denied that work spent on these issues constituted a reasonable expenditure of time at the beginning of this complex and unprecedented case, and plaintiff should receive a reasonable attorney's fee for these efforts.[4] In addition, the court holds that the efforts of counsel in attempting to secure an award of attorney's fees bear a substantial relationship to the advancement of plaintiff's interests and therefore are compensable. *See Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534 (5th Cir. 1970); *Stanford Daily v. Zurcher*, 64 F.R.D. 680 (N.D.Cal.1974).

Accordingly, it is ORDERED:

1. The hourly rate at which fees for plaintiff's attorneys should be computed is not limited to the hourly rate in salary or similar compensation paid to plaintiff's attorneys by their employers (who are non-profit corporations) during the conduct of this litigation. Furthermore, such hourly rate should not be limited by the fee schedule established under the Criminal Justice Act, especially in a case as significant as this.

2. In view of the fact that plaintiff Donaldson secured his release from Florida State Hospital after bringing this case, and that this case has been of great value in clarifying the constitutional rights of civilly committed mental patients throughout the nation, plaintiff's attorney's fees in this case are not to be limited to the amount paid to plaintiff in settlement of his damages claim.

3. Plaintiff is entitled to recover fees for all work reasonably related to the litigation of this case, including but not limited to all work reasonably related to securing plaintiff's release from Florida State Hospital; securing the jury verdict that defendants had violated plaintiff's constitutional rights and were liable in damages; defending the jury verdict on appeal to the Fifth Circuit and the Supreme Court; securing a damages settlement from defendants; and researching issues relating to the entitlement of attorney's fees and the determination of the amount of reasonable attorney's fees which should be awarded in this case. The core of the reasonable fees calculation shall be determined by multiplying the number of hours of work performed as determined above times an appropriate hourly rate, based upon the hourly rate which attorneys of comparable experience and ability would receive for other complex litigation. Once this core amount of reasonable fees has been calculated, it shall then be adjusted in light of the other *Johnson* factors. No fees shall be paid for work which was either duplicative or not reasonably related to the litigation.

4. In the circumstances of this case, a reasonable hourly rate for plaintiff's attorneys is not limited to the customary hourly rate for attorneys in the Tallahassee area.

5. The parties shall have 30 days from the date of this order to meet in an attempt to arrive at a stipulation on the amount of attorney's fees owed to plaintiff. If no agreement can be reached within that time, counsel for plaintiff is directed to notify the court, and a hearing for the purpose of establishing reasonable attorney's fees will be scheduled.

---

**4.** Case law subsequent to enactment of the 1976 amendment to 42 U.S.C. § 1988 is still conflicting as to the extent to which attorney's fees must be proportionate to the degree of plaintiff's success. For cases permitting recovery of attorney's fees, *see Seales v. Quarterly County Court, Etc.*, 562 F.2d 390 (6th Cir. 1977); *Howard v. Phelps*, 443 F.Supp. 374 (E.D.La.1978); *Southeast Legal Defense Group v. Adams*, 436 F.Supp. 891 (D.Or.1977); *contra, Hughs v. Repko*, 429 F.Supp. 928 (W.D.Pa. 1977); *McCormick v. Attala Cty. Bd. of Ed.*, 424 F.Supp. 1382 (N.D.Miss.1976).