**James SKODA and Michael Callahan, Plaintiffs-Appellants,**

v.

**Carl FONTANI, Defendant-Appellee.**

No. 80–2465.

United States Court of Appeals,
Seventh Circuit.

Argued April 2, 1981.
Decided April 20, 1981.

Stuart M. Kessler, Chicago, Ill., for plaintiffs-appellants.

Wayne B. Giampietro, Chicago, Ill., for defendant-appellee.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

PER CURIAM.

The district court denied plaintiff's request for attorney's fees under 42 U.S.C. § 1988. We reverse and remand.

Plaintiffs won a jury verdict of only one dollar in their civil rights action against defendant. Although this may be considered a small victory, plaintiffs did win a verdict in their favor. They are thus the prevailing parties under 42 U.S.C. § 1988, contrary to the district court's conclusion.

The district court here did not articulate any "special circumstances" which would render any award of fees unjust. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Nor did the court consider the appropriate amount of the award, since it ruled that plaintiffs did not prevail.

In *Murphy v. Kolovitz*, 635 F.2d 662 (7th Cir. 1981), and *Muscare v. Quinn*, 614 F.2d 577 (7th Cir. 1980), we set forth rules to guide the court's discretion in deciding what fee award, if any, is appropriate. *See also Coop v. City of South Bend*, 635 F.2d 652 (7th Cir. 1980). On remand, the district court should consider whether any special circumstances exist, and if not, should decide the appropriate amount of the fee award in light of these decisions.

The order of the district court is

REVERSED AND REMANDED.