WEST SIDE WOMEN'S SERVICES, INC., Richard J. Derman, M.D., Inc., Steenblock, Patrica, Plaintiffs,

v.

CITY OF CLEVELAND, OHIO, City Council of Cleveland, Ohio, Louis Civittolo, Commissioner of Assessments and Licenses, individually and in his official capacity, George V. Voinovich, Mayor, individually and in his official capacity, Robert E. Getz, City Councilman, individually and in his official capacity, Robert M. Keane, City Councilman, individually and in his official capacity, and all agents, successors in interest, and those acting in concert with any named defendant, Defendants.

No. C77–1112.

United States District Court, N.D. Ohio, E.D.

Aug. 22, 1984.

Roy Lucas, Fairfax, Va., for plaintiffs.

John D. Maddox, Irving Berkman, City of Cleveland Law Dept., Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

On October 21, 1983, in a Memorandum Opinion and Order, this Court found that Section 231.09 of the Codified Ordinances of the City of Cleveland impermissibly interferes with a woman's right to seek an abortion, and, so, unconstitutionally infringes upon a fundamental right guaranteed by the Constitution. 573 F.Supp. 504. Because said Ordinance is unconstitutional, the Court, having concluded that plaintiffs were impermissibly prevented from opening an abortion service at the intended site, granted plaintiffs' Motion for Partial Summary Judgment.[1]

In connection with the task of fixing damages and reviewing plaintiffs' attorney's fee petition, the Court directed the parties to brief the question of whether the

---

**1.** Defendants argue in their Brief in Opposition that no final judgment has been entered in the above-captioned matter. In fact, the October 21, 1983 Memorandum Opinion and Order issued by the Court constitutes a final judgment as to one of plaintiffs' asserted bases for relief. Rule 54(a) of the Federal Rules of Civil Procedure defines "judgment" as "any order from which an appeal lies." According to 28 U.S.C. § 1291, "[t]he courts of appeals shall have jurisdiction of appeals from all *final decisions* of the

district courts of the United States." (Emphasis added.) Moreover, the language of Rule 54(b) of the Federal Rules of Civil Procedure suggests that when a court grants one of several claims for relief, a final judgment may be entered with regard to that particular claim. For purposes of appeal, the Court's October 21, 1983 entry for partial summary judgment in plaintiffs' favor was a final decision. Consequently, that Order indeed does constitute a final judgment.

Court could properly award interim fees to plaintiffs before a final determination on the damages to be awarded. Plaintiffs submitted their Supplemental Memorandum of Law on Interim Counsel Fees on March 9, 1984. Defendants filed their Brief in Opposition on March 15, 1984.

## I.

At the February 16, 1984 hearing before the Court, and in its Brief in Opposition, defendants suggested that the Court delay ruling on plaintiffs' petition for attorney's fees until the completion of the trial on damages. Defendants also argue that plaintiffs' fees petition ought to be denied altogether, or that any award ought to be nominal if plaintiffs ultimately fail to prove substantial damages.

Essentially, plaintiffs argue that this Court should rule on their fees petition prior to any damages trial. According to plaintiff, only an interim award will equalize the relative positions of the two parties as they prepare to litigate the question of damages.

At this juncture, the Court will address itself only to the questions of whether an interim award of attorney's fees comports with the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 ("Section 1988") and whether such an award is warranted given the circumstances surrounding the instant case. The Court will rule on the reasonableness of the estimates set forth in plaintiffs' fees petition in a separate opinion.

## II.

■ Section 1988 [2] must be broadly construed to encourage private parties to institute causes of action for the enforcement of civil rights laws. *See Donaldson v. O'Connor*, 454 F.Supp. 311, 313 (N.D.Fla. 1978). The practice of awarding attorney's fees to prevailing parties in civil rights matters plays an integral role in the enforcement of civil rights laws. *See Johnson v. Snyder*, 470 F.Supp. 972, 974 (N.D. Ohio 1979), *aff'd*, 639 F.2d 316 (6th Cir. 1981). Therefore, "a party seeking to enforce the rights protected by the statutes covered by [the Act], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Milwe v. Cavuoto*, 653 F.2d 80, 82 (2d Cir.1981) (citations omitted); *See also Doe v. Busbee*, 684 F.2d 1375, 1378 (11th Cir.1982); *Skoda v. Fontani*, 646 F.2d 1193, 1194 (7th Cir.1981).

■ Before a court considers the reasonableness of billings and costs set out in an attorney's fees petition, it must determine whether the petitioner is a "prevailing party" as required under Section 1988. *Dover v. Rose*, 709 F.2d 436, 438 (6th Cir.1983). Generally, a "prevailing party" is one who has established his entitlement to some form of relief on the merits of a substantial claim. *Dover, supra*, 709 F.2d at 439. However, a party need not have procured a favorable ruling on all counts of his complaint after a full-blown trial on the merits to be considered a prevailing party. Rather, he need only have accomplished the major objectives of his litigation. *Fluhr v. Roberts*, 463 F.Supp. 745, 748 (W.D.Ky. 1979). It is sufficient that one petitioning for fees has prevailed on one or more important challenges asserted by him. *Gagne v. Maher*, 455 F.Supp. 1344, 1347 (D.Conn.1978), *aff'd in part and modified in part on other grounds*, 594 F.2d 336 (2 Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), citing S.Rep. No. 94–1011, p. 5 (1976), U.S.Code Cong. & Admin.News 1976, p. 5912. Some circuits have recognized that a plaintiff may initiate a civil rights action, settle the matter short of full-blown litigation, and still be a "prevailing party" for purposes of applying

---

**2.** Section 1988 reads as follows:

*Proceedings in vindication of civil rights; attorney's fees*

... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Section 1988. *See Doe, supra,* 684 F.2d at 1379. Still other courts have held that a party is prevailing if his suit was a catalyst in moving a defendant to cease and desist from challenged activity. *Id.* at 1380. Finally, the court in *Hanrahan v. Hampton,* 446 U.S. 754, 756, n. 3, 100 S.Ct. 1987, 1988 n. 3, 64 L.Ed.2d 670 (1980), *reh. denied,* 448 U.S. 913, 101 S.Ct. 33, 65 L.Ed.2d 1176 (1980), noted that "the determination of whether a party has prevailed, within the meaning of section 1988, must be separately made with reference to the trial and appellate court levels." *See also Buian v. Baughard,* 687 F.2d 859 (6th Cir.1982).

■ In the instant case, plaintiffs have prevailed on their partial summary judgment motion: This Court declared the challenged Cleveland ordinance to be unconstitutional. By way of their cause of action, plaintiffs sought, and were granted, declaratory relief. Said relief represents substantial fulfillment of plaintiffs' goal. *See Planned Parenthood Association of Southeastern Pennsylvania v. Commonwealth of Pennsylvania,* 508 F.Supp. 567, 569 (E.D.Pa.1980). Not only did this Court's ruling on the constitutionality of the challenged ordinance operate as a catalyst in prompting defendants to change their prior practices with regard to its enforcement, but it may also result in a pecuniary award for actual damages sustained by plaintiffs as a result of past enforcement of the ordinance. *See Dover, supra,* 709 F.2d at 439. Regardless of the definition one applies in the instant case, plaintiffs are "prevailing parties" for purposes of Section 1988.

### III.

Defendants argue that, since the Court has yet to enter an order regarding damages to be awarded plaintiffs, no final judgment has been entered in the instant case. Accordingly, defendants maintain that the granting of fees prior to final judgment

was not contemplated by the drafters of Section 1988 and would be inappropriate.

■ It appears clear from the Supreme Court's disposal of the issues on appeal in *Mills v. Electric Auto-Lite,* 396 U.S. 375, 389, 90 S.Ct. 616, 624, 24 L.Ed.2d 593 (1970), that, contrary to what defendants assert, where a plaintiff to a civil rights action has prevailed at the liability stage of the proceedings, and the damages stage is yet to be litigated, that plaintiff may, at the court's discretion, receive an interim award of fees and litigation expenses. Having received a favorable determination on the liability issue in the above-captioned matter, plaintiffs have indeed established their entitlement to some relief on their claims. The Court, in holding that the challenged ordinance is unconstitutional, granted plaintiffs' prayer for declaratory relief. *See Deerfield Medical Center v. City of Deerfield Beach,* 661 F.2d 328, 339 (5th Cir.1981).

### IV.

In support of their opposition to an interim fees award, defendants also assert that any such award would depend on the total amount of damages awarded to plaintiffs. Defendants argue that since the Court has yet to fix the damages award, it has no point of reference from which to evaluate plaintiffs' fees petition.

■ In fact, relevant case law suggests that the fact that a prevailing civil rights plaintiff has not received a damages award does not necessarily preclude the trial court from awarding attorney's fees. Courts have repeatedly approved fees awards in cases where the plaintiffs have prevailed on civil rights challenges, but have received only nominal damages. Fees may not be denied simply because only nominal damages have been awarded.[3] *Zarcone v. Perry,* 581 F.2d 1039 (2d Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Courts have relied on

---

**3.** Courts have frequently awarded nominal damages even where prevailing plaintiffs have failed in their efforts to prove substantial actual damages attributable to the declared civil rights vio-

lations. *Buian, supra,* 687 F.2d 859, *Milwe, supra,* 653 F.2d at 84; *Skoda, supra,* 646 F.2d 1193; *Parks v. Goff,* 483 F.Supp. 502, 509 (E.D. Ark.1980); *Johnson, supra,* 470 F.Supp. at 973.

the legislative history of Section 1988 to justify fees awards to plaintiffs who have received only nominal damages:

> The House and Senate reports accompanying the Civil Rights Attorney's Fees Awards Act of 1976 leave no doubt that fees are available even though nonpecuniary rights are at stake in a particular litigation. S.Rep. No. 94–1011, 94th Cong., 2nd Sess. 6 (1976); H.R.Rep. No. 94–1558, 94th Cong., 2d Sess. 8–9 (1976).[4] Consequently, recovery of counsel fees is not necessarily dependent upon the recovery of damages or even upon the amount of damages recovered, ....

*Donaldson, supra,* 454 F.Supp. at 315. Awarding fees to a prevailing civil rights litigant, even where nominal damages have been, or are likely to be, awarded comports with the stated objective of Section 1988 to ordinarily award fees unless special circumstances would render such an award unjust. *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess., p. 4 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5911–5912; *Dover, supra,* 709 F.2d at 438. Consequently, were this Court to ultimately award plaintiffs in the instant action only nominal damages, plaintiffs could still be entitled to attorney's fees.[5] Moreover, those fees could be significantly more substantial than the damages awarded plaintiffs.

## V.

■ Ultimately, the trial court must exercise its discretion in deciding whether to award attorney's fees prior to the conclusion of litigation. The Supreme Court in *Hanrahan, supra,* 446 U.S. at 757, 100 S.Ct. at 1989, observed that Congress contemplated *pendente lite* fees awards in certain instances where parties have prevailed in civil rights actions. The *Hanrahan* Court noted that Congress intended for such interlocutory awards to be granted only in cases where "a party [ ] has estab-

lished his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Id.* Upon entry of an order that resolves a dispute with regard to substantive rights asserted by the plaintiff, a court may properly consider petition for award of attorney's fees. *See Deerfield Medical Center, supra,* 661 F.2d at 339; *Panitch v. State of Wisconsin,* 390 F.Supp. 611, 615 (E.D.Wis.1974). The Supreme Court's rationale for awarding interim fees in *Bradley v. Richmond School Board,* 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1974), although articulated prior to the enactment of Section 1988, is applicable to instances where prevailing plaintiffs seek fees in actions covered by Section 1988:

> To delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel, and discourage the institution of actions.... A district court must have discretion to award fees and costs incident to the final disposition of interim matters.

Other equitable considerations which enter into this Court's assessment of the merit of ruling on plaintiffs' fees petition at this point in the litigation include the fact that the instant action was instituted some seven years ago and that plaintiffs' counsel has had to wait all that time to be compensated for his efforts. *See Planned Parenthood Association of Southeastern Pennsylvania, supra,* 508 F.Supp. at 574. Moreover, the judgment rendered constitutes a significant addition to an expanding area of civil rights law with far-reaching implications. *See Huntley v. Community School Board of Brooklyn,* 579 F.2d 738 (2d Cir.1978).

## VI.

All the aforementioned equitable considerations militate in favor of immediate re-

**4.** The relevant portions of the Senate Report on Section 1988 reads as follows:

> It is intended that the amount of fees awarded under S.2278 be governed by the same standards which prevail in other types equally complex Federal litigation, ... and

not be reduced because the rights involved may be nonpecuniary in nature....

**5.** The Court is not ruling out the possibility that plaintiffs in the instant matter will be able to prove sufficient actual damages to merit a damages award that would be more than nominal.

view of the fees petition which plaintiff has filed in connection with the above-captioned matter. Moreover, relevant case law and legislative history lend additional support to immediate review. This Court, in the exercise of its discretion, will review plaintiffs' fees petition and award appropriate fees and costs prior to trial of the damages issue yet to be resolved. To that end, within twenty-one (21) days of the instant Order, defendants shall file any response to plaintiffs' petition which they deem necessary. Plaintiffs shall notify this Court of their intention to file a reply to defendants' response within five (5) days of receipt of defendants' response. Plaintiff shall file any such reply within fourteen (14) days of the day they notify the Court of their intention to reply.

IT IS SO ORDERED.