766 F.2d 1464
 Jewell NEPHEW, Rafus Perkins, Elaine Neloms, and Charles
Fulton, Plaintiffs-Appellees,
v.
CITY OF AURORA, By and Through its MAYOR AND CITY COUNCIL,
Stan Thomison and Kenneth L. Peterson,
Defendants-Appellants.
 No. 83-2053.
 United States Court of Appeals,
Tenth Circuit.
 July 10, 1985.
 
 Penfield W. Tate, II, of Trimble, Tate & Nulan, Denver, Colo., for plaintiffs-appellees.
 Charles H. Richardson, Patrick E. Kowaleski, and Kathleen M. Schoen, Aurora, Colo., for defendants-appellants.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a), Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 The issue in this appeal concerns the proper measure of attorney's fees to be awarded a prevailing party under 42 U.S.C. Sec. 1988. Plaintiffs here sought to prove at trial that they were assaulted, battered, and falsely arrested by Aurora, Colorado (the "City"), police officers pursuant to a custom or policy of the City to discriminate against blacks. Injunctive and declaratory relief and damages were sought against the City, its Mayor, and its City Council; at the close of the plaintiffs' case, however, the City, Mayor, and City Council were removed from the case upon the district court's grant of their motion for a directed verdict.
 
 
 3
 The case then proceeded to trial on the plaintiffs' claims for compensatory and punitive damages in the amount of $2 million against the individual police officers. The jury found in favor of plaintiffs Fulton and Perkins and against plaintiffs Nephew and Neloms. The jury awarded one dollar ($1.00) each to Fulton and Perkins as compensatory damages; no punitive damages were awarded.
 
 
 4
 In its ruling upon Fulton and Perkins' motion for attorney's fees, the district court reduced the amount sought by a portion of the time spent on a related state case,[1] and then reduced that amount further on the basis that only two of the four plaintiffs prevailed. The district court expressly refused to reduce the award, as the defendants urged, on the grounds that plaintiffs Fulton and Perkins had won only nominal damages. Accordingly, the court awarded $12,500 as a reasonable fee under the circumstances. The issue therefore becomes whether, in a Sec. 1983 case in which plaintiffs proceed only to litigate monetary damages, the attorney's fees awarded should be reduced if the plaintiffs in fact are awarded only nominal damages of $2.00.
 
 
 5
 Although this Court has on many occasions examined the proper measure of attorney fees under 42 U.S.C. Sec. 1988, it has yet to address the precise issue presented in this appeal. There is language in Ramos v. Lamm, 713 F.2d 546, 557 (10th Cir.1983), stating that fee awards should not be reduced under the circumstances of the present case: "Some courts have reduced fees when the thrust of the suit was for monetary recovery and the recovery was small compared to the fees counsel would have received if compensated at a normal rate for hours reasonably expended. We reject this practice." In Ramos this reasoning was justified on the basis that "[p]arties acting as private attorneys general should be reasonably compensated for their vindication of the public policy even if they themselves do not receive a large financial benefit." Id. The plaintiffs in the present case argue that the district court's award of attorney's fees should therefore not be reduced because the jury did in fact find that their constitutional rights had been violated, thus vindicating their primary purpose in bringing suit.
 
 
 6
 Ramos was not the proper vehicle for this Court to expound on the significance of a nominal monetary recovery in a Sec. 1983 suit in which substantial damages are sought. Monetary damages were not at stake in Ramos. Rather, Ramos was a suit that concerned the constitutionality of conditions in Old Max, Colorado's maximum security prison. The plaintiffs there sought only declaratory and injunctive relief--as opposed to damages--because of the antiquated and inadequate conditions of the prison. Thus, the language from this Court's Ramos opinion quoted above is dicta. It is not binding precedent as to the issue with which we are here confronted.
 
 
 7
 It is our view that the quoted language from Ramos, while dicta, does not fully address the purposes underlying the attorney's fees provision in the civil rights laws. The purpose of Sec. 1988 is not simply "to encourage private enforcement of the civil rights laws," Id. at 557, even though such might be viewed as a fair statement of the purpose behind the civil rights laws generally. But as to the purpose of Sec. 1988 in particular, this Court has been specific:
 
 
 8
 Beyond providing a reasonable evaluation of a lawyer's services, the approach set forth in Hensley [v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ] advances the general intendment of section 1988, providing incentives for meritorious civil rights litigation. It instructs a lawyer to critically evaluate the prospects for success in each potential civil rights claim, and it encourages the lawyer to proceed only with those claims that are indeed meritorious. The lawyer can go forward with difficult arguments, confident that the client's fee award will reflect the obstacles that the attorney overcomes. The lawyer can go forward with nonmonetary claims, secure in the knowledge that the fee award will not be diminished on account of the absence of damages.
 
 
 9
 Cooper v. Singer, 719 F.2d 1496, 1502 (10th Cir.1983) (in banc) (emphasis added).
 
 
 10
 Although Cooper was decided after Ramos, both were based on the Supreme Court's reasoning in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In Hensley, after adopting a typical formulation of the term "prevailing party"[2] for purposes of the award of attorney's fees, the court proceeded to describe several factors to be considered in determining a reasonable fee award. One "important factor" in determining the "reasonableness" of a fee award is the "results obtained." Id. at 434, 103 S.Ct. at 1940. If the plaintiff obtains excellent results, his attorney should receive a fully compensatory fee. Id. at 435, 103 S.Ct. at 1940. If, on the other hand, the plaintiff achieves only limited success, simply multiplying "the hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 436, 103 S.Ct. at 1941. As the Court explained: "Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." Id.
 
 
 11
 While we have no trouble finding that the plaintiffs in the instant case are the prevailing parties even though they won only nominal damages, see, e.g., Skoda v. Fontani, 646 F.2d 1193 (7th Cir.1981), we conclude that the district court, in determining the reasonableness of the fee award, abused its discretion by not discounting the fee award in light of the fact that plaintiffs won only nominal damages. Other courts have followed such an approach, see, e.g., Burt v. Abel, 585 F.2d 613, 618 (4th Cir.1978); Perez v. University of Puerto Rico, 600 F.2d 1 (1st Cir.1979). We believe this approach furthers the twin purposes of Sec. 1988 of providing meaningful access to the judicial process to private individuals with civil rights grievances and of forcing attorneys to critically evaluate the prospects of success of their claim. We recognize that this holding will likely compel attorneys to prognosticate with some degree of accuracy their prospects of success in terms of dollars and cents. Even so, we believe it to be a necessary burden in an attempt to ensure that attorneys pursue only meritorious civil rights claims.
 
 
 12
 By this holding we do not imply that an award of nominal damages necessarily means that a corresponding fee award must also be nominal. However, where, as here, a plaintiff seeks substantial damages but wins only nominal damages, the award must be reduced to account for the plaintiffs' very limited success.[3]
 
 
 13
 REVERSED AND REMANDED.
 
 McKAY, Circuit Judge, dissenting:
 
 14
 The issue in this case is whether attorneys' fees awarded under section 1988 should be reduced when the plaintiffs were awarded only nominal damages in a civil rights suit seeking only monetary damages.
 
 
 15
 Four plaintiffs brought this suit against the City of Aurora, its mayor, city council, and several individual police officers, alleging that they had been assaulted, battered and falsely arrested by the police officers pursuant to a city custom or policy to discriminate against blacks. The city, mayor and city council were dismissed from the case at the close of plaintiffs' evidence, and the case proceeded to trial on plaintiffs' claims for compensatory and punitive damages against the individual police officers. The jury found in favor of two of the plaintiffs and against the other two, and awarded the two prevailing plaintiffs one dollar each in compensatory damages.
 
 
 16
 The trial court, in setting the attorneys' fees, reduced the requested award to reflect time spent on a related state court action, and reduced it further because only two of the four plaintiffs had prevailed. The court refused, however, to reduce the award to reflect the fact that the plaintiffs had won only nominal damages.
 
 
 17
 The majority reverses the district court, holding that the attorneys' fee must be reduced "to account for the plaintiffs' very limited success." Maj.Op. at 1467. To reach its decision, the majority expressly rejects language to the contrary in Ramos v. Lamm, 713 F.2d 546, 557 (10th Cir.1983), in which this court stated that:
 
 
 18
 Some courts have reduced fees when the thrust of the suit was for monetary recovery and the recovery was small compared to the fees counsel would have received if compensated at a normal rate for hours reasonably expended. We reject this practice. The amount of the monetary recovery is not as significant as the policy being vindicated. Section 1988 was designed to encourage private enforcement of the civil rights laws. Parties acting as private attorneys general should be reasonably compensated for their vindication of the public policy even if they themselves do not receive a large financial benefit.
 
 
 19
 (emphasis added). I believe that the result reached by the majority is inconsistent with the case law and undermines the intent of the civil rights laws. Accordingly, I must dissent.
 
 
 20
 The primary purpose of section 1988 is "to encourage private enforcement of the civil rights laws," Ramos, 713 F.2d at 557, and to provide "incentives for meritorious civil rights litigation." Cooper v. Singer, 719 F.2d 1496, 1502 (10th Cir.1983). To achieve this dual purpose, the Supreme Court held in Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983), that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Similarly, in Cooper, this court stated that "the fee award must be tied to the reasonable value of the services rendered in light of the results achieved." 719 F.2d at 1501.
 
 
 21
 The majority finds that, where monetary damages are sought, the "success" of the suit is a function of the damages actually awarded and that Cooper and Hensley thus require the court to reduce the fee to reflect the fact that the plaintiffs succeeded in proving only nominal damages. I cannot agree. Civil rights suits seek primarily to vindicate constitutional rights. The amount of monetary damages awarded is not, and should not be, the measure of the success of a suit in achieving that goal.
 
 
 22
 In Hensley, the issue was whether a plaintiff who had raised several issues or claims and had prevailed on only some of those issues could recover fees for legal services on the unsuccessful claims. Because plaintiffs are considered "prevailing parties" for purposes of awarding attorneys' fees if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit," Hensley, 461 U.S. at 433, 103 S.Ct. at 1939 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978) ), attorneys' fees may be awarded if a plaintiff succeeds on only one of many issues or claims. In such a case, the Court felt that it would be a windfall to the attorneys to award fees for time spent pursuing all of the claims, the majority of which were not successful. See 461 U.S. at 436, 103 S.Ct. at 1941 ("had respondents prevailed on only one of their six general claims ... a fee award based on the claimed hours clearly would have been excessive"). In addition, the Court feared that attorneys would be encouraged to pad their meritorious claims with non-meritorious ones if they felt that they could recover fees for all of the time they expended on the case if their one meritorious claim succeeded.
 
 
 23
 The district court has followed the mandate of Hensley by reducing the award to reflect the fact that some of the time was spent pursuing claims for the two plaintiffs who did not prevail. As for the prevailing plaintiffs, however, Hensley does not require that their fee awards be reduced. The prevailing plaintiffs brought only one claim--a claim seeking to vindicate their right to be free of officially sanctioned discrimination. The jury found in their favor on this claim. The fact that they did not prove that they were monetarily harmed by the unconstitutional treatment does not alter the fact that they were fully successful in proving the one constitutional claim that they raised.
 
 
 24
 Ramos v. Lamm was decided after, and relied on, the decision in Hensley. It was thus with full awareness of the Supreme Court's reference to "results obtained" that this court wrote that "[t]he amount of the monetary recovery is not as significant as the policy being vindicated." 713 F.2d at 557. The public policy against constitutional violations is vindicated whenever a defendant is found to have acted unconstitutionally, regardless of whether the plaintiff is found to have been monetarily harmed.
 
 
 25
 The language in Cooper v. Singer on which the majority relies in rejecting Ramos simply cannot support its conclusion. Rather, it simply parallels the decision in Hensley that where a plaintiff has brought a number of different claims and has succeeded in only some of those claims, the fee award should take into account the plaintiff's limited success. It does not indicate that the fee should be reduced to reflect the amount of damages awarded. Indeed, in Cooper the court twice approvingly cited Ramos' articulation of the factors to be considered in setting fee awards--an articulation which explicitly rejected the analysis the majority adopts. See Cooper, 719 F.2d at 1501 n. 8 (referring to the indication, in Ramos, of factors "that will result in reduction or enhancement of the fee award"), 719 F.2d at 1507 (emphasis added). Thus Cooper, on which the majority relies in rejecting Ramos, actually supports the proposition that Ramos is the correct interpretation of the law.
 
 
 26
 It is because of society's interest in the enforcement of constitutional rights, even when there has been no monetary harm, that the majority of the courts have held that a plaintiff is a "prevailing party" entitled to attorneys' fees when only nominal damages have been awarded. See, e.g., Perez v. University of Puerto Rico, 600 F.2d 1, 2 (1st Cir.1979); Burt v. Abel, 585 F.2d 613, 618 (4th Cir.1978).* I think that similar considerations mandate that a fee award not be reduced simply because only nominal damages have been awarded. Congress explicitly stated that the fees awarded should not be reduced because the rights involved may be nonpecuniary in nature. S.Rep. No. 1011, 94th Cong. 2d Sess. 6, reprinted in 1976 U.S.Code Cong. & Ad.News 5908, 5913. The right not to be subjected to discrimination is difficult to measure in monetary terms. As in the area of procedural due process, where the Supreme Court has expressly held that due process violations should be actionable for nominal damages "because of the importance to organized society that procedural due process be observed," Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978), society has an interest in ensuring that individuals do not suffer from officially sanctioned discrimination. This interest is vindicated whenever a plaintiff proves, in open court, that he or she has suffered discrimination. To make the fee commensurate with the monetary damages awarded for the constitutional violation would undervalue the importance of this interest and would overemphasize the importance of damages in civil rights litigation. Cf. Cooper, 719 F.2d at 1503 (finding that limiting section 1988 awards to the maximum recoverable under contingent fee contracts would overemphasize the importance of damages).
 
 
 27
 In addition, to reduce the fee award because the plaintiff, who has been constitutionally wronged but did not seek injunctive relief, did not succeed in proving monetary damages would discourage lawyers from representing plaintiffs in pursuit of claims with little monetary value. As Congress made clear in enacting section 1988:
 
 
 28
 If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court.
 
 
 29
 S.Rep. at 5910.
 
 
 30
 It is undeniable that the jury found two of the plaintiffs had suffered discrimination at the hands of police officers acting under color of state law. This verdict, with or without the award of monetary damages, is a vindication of the societal interest in enforcement of the civil rights laws. Because I believe this court should continue to follow the views expressed in Ramos, I would affirm the district court's refusal to consider the amount of damages awarded as a factor in setting attorney's fees. In addition, I would award the plaintiffs additional attorney's fees for the cost of prosecuting this appeal. Accordingly, I must dissent.
 
 
 
 [1]
 The police officers, Thomison and Peterson, were the first to file suit as a result of the underlying incident in this case. Their suit in state court for assault and battery was eventually dismissed by stipulation; the case then proceeded to trial in federal court under 42 U.S.C. Sec. 1983 based on the plaintiffs' combined claims
 
 
 [2]
 "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. at 433, 103 S.Ct. at 1939
 
 
 [3]
 As the Supreme Court recognized in Hensley, there is no precise rule for making this determination. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." 461 U.S. at 436-437, 103 S.Ct. at 1941
 
 
 *
 The majority follows these cases in finding that the parties are prevailing parties entitled to fees despite the fact that they received only nominal damages. What both these cases and the majority opinion fail to recognize, however, is that the policy of encouraging private citizens to enforce their constitutional rights and the importance to society that constitutional rights be vindicated--the factors which lead them to view the parties as prevailing parties despite the award of nominal damages--lead to the further conclusion that attorney's fees should not be reduced because only nominal damages were awarded