**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

SKYBIZ.COM, INC.; WORLD
SERVICE CORPORATION;
WORLDWIDE SERVICE
CORPORATION; JAMES S.
BROWN; ELIAS F. MASSO;
KIER E. MASSO,

      Defendants-Appellants,

  and

STEPHEN D. MCCULLOUGH,
NANCI H. MASSO, NANCI
CORPORATION INTERNATIONAL,
ROBERT E. BLANTON, SKYBIZ
INTERNATIONAL LTD.,

      Defendants,

_____

MATHESON ORMSBY PRENTICE,

      Appellees,

  and

ROBB EVANS; ROBB EVANS &
ASSOCIATES,

      Receivers.

No. 03-5129
(D.C. No. CV-01-396-EA (M))
(N.D. Okla.)

## ORDER AND JUDGMENT [*]

Before **EBEL**, **ANDERSON**, and **BRISCOE**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

SkyBiz and other plaintiffs appeal a district court's award of attorney's fees to Matheson Ormsby Prentice, an Irish law firm that defended SkyBiz's assets from creditors in an interpleader action after the company's assets were frozen at the request of the Federal Trade Commission. Plaintiffs' main objection concerns the district court's decision to award €105,053 ($126,140.90 U.S.) [1] of a disputed €168,000 ($201,723.62 U.S.) sum to Matheson for time that was not well documented. The district court had originally rejected the request for €168,000

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] For ease of understanding, we have converted all amounts in Euros to U.S. dollars at the single current exchange rate of one Euro to 1.20 U.S. dollars.

($201,723.62 U.S.) as unsubstantiated, Aplt. App., Vol. II at 360; but, in its June 10, 2003 order, the district court awarded Matheson €105,053 ($126,142.25 U.S.), justifying the partial award with a lodestar approach, which multiplies an attorney's hourly rate by the number of hours he worked. Id., Vol. IV at 776. The court explained that newly submitted time records better supported Matheson's claim to the fee, and that the transcript of a hearing in Irish courts documented how valuable the firm's services had been in protecting SkyBiz's assets. Id. Then, on July 15, 2003, in response to SkyBiz's motion for reconsideration, the district court justified the award of the same increase based on the balancing of equities. Id. at 825-27. In that July 2003 decision, the district court distinguished Ramos, the major case establishing use of a lodestar, by observing that Ramos had been decided under a fee-shifting statute that required a prevailing party, whereas the SkyBiz case had settled out of court. Id. at 826-27 (citing Ramos v. Lamm, 713 F.2d 546, 552-55 (10th Cir. 1983), overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 717 n.4 (1987)).

On appeal, plaintiffs reargue the amount of the award both under the lodestar approach and under the balancing of equities. They generally argue that the firm's records were overly vague, that Matheson should not be rewarded because it did not partake in the negotiations necessary for settlement in United

-3-

States courts, and, without much explanation, that the district court should not have departed from the lodestar approach in Ramos.

We review the award of attorney's fees for abuse of discretion. Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 538, 542 (10th Cir. 2000). Abuse of discretion is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment" under the circumstances. Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted). In determining whether a district court has abused its discretion, we give due deference to that court's "evaluation of the salience and credibility of testimony, affidavits, and other evidence." United States v. Robinson, 39 F.3d 1115, 1116 (10th Cir. 1994). We will not disturb the decision of a district court unless it has "no support in the record, deviates from the appropriate legal standard, or follows from a plainly implausible, irrational, or erroneous reading of the record." Id. To prevail, plaintiffs must move us to the "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994) (citations and quotations omitted).

Because the district court alternately used both the lodestar approach and a balancing of the equities approach to justify its partial award of fees, we consider the plaintiffs' arguments against the court's judgment under each method.

First, we conclude that plaintiffs' arguments against the award of attorney's fees to Matheson under the lodestar approach do not persuade us that the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Coletti, 165 F.3d at 777. The record shows that Matheson prepared extensively for its work in Ireland. Although the district court did express dissatisfaction with Matheson's itemization of tasks, the court also found that, under the newly submitted time records, a portion of the fees was "justified and reasonable for the work performed." Aplt. App., Vol. IV at 778. Under the abuse of discretion standard, we have found the district courts' use of reconstructed time records permissible, Carter v. Sedgwick County, Kan., 929 F.2d 1501, 1506 (10th Cir. 1991), and we have even permitted district courts to award fees for the block billing of tasks. Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214-15 (10th Cir. 2000). Plaintiffs present no evidence that the district court's acceptance of the billing records in this case exceeded the bounds of this deference. And plaintiffs' contention that Matheson did not participate in the negotiation to settle the case in the United States is beside the point. The lodestar method considers what work a law firm has done and what it should be compensated for, not what work it has not been a party to and for which it is not requesting compensation. See Ramos, 713 F.2d at 552-55. Plaintiffs cite no case law to the contrary.

Second, we conclude that plaintiffs have not presented a compelling argument against the district court's weighing of the equities in this case. The district court explained that it could depart from the fee-shifting analysis that had undergirded Ramos because the SkyBiz case had settled without a judicial determination of the prevailing party, and thus the district court could evaluate the equities of the case without exclusively employing the lodestar method. The district court appears to have properly distinguished Ramos, and plaintiffs again cite no case law to the contrary. See also Nephew v. City of Aurora, Colo., 766 F.2d 1464, 1465-67 (10th Cir. 1985) (departing from the rigid lodestar analysis in Ramos to consider the equity of the plaintiffs' claim). Turning to the merits of the district court's decision on the equities, we note that, although the district court did not award Matheson the entire amount that the firm sought, it found that Matheson was entitled to a significant portion of the award it had requested. Aplt. App., Vol. IV at 828. After weighing the evidence, the district court concluded that Matheson's fees were "for the most part reasonable," and, in light of how complicated the case had been, that "an enhancement was equitable and appropriate." Id. Matheson's services had also been necessary to preserve adequate funds for consumer redress. Id. Nothing in the materials that the plaintiffs present convince us that the district court's conclusion on the merits

was a "clear error of judgment or exceeded the bounds of permissible choice." Moothart , 21 F.3d at 1504.

Accordingly, we hold that the district court did not abuse its discretion in the award of attorney's fees under either the lodestar or the balancing of the equities approaches, and we AFFIRM the district court's judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge